*E. B. Martindale*, for the state.

May Term,
1856.

FERRIS
v.
LUDLOW.

--------

Saturday,
May 31.

--------

## FERRIS *v.* LUDLOW.

Suit by the payee against the maker of a note. At the time the note was made, the plaintiff executed a writing, showing that he had sold the defendant forty shares of stock in a bridge company, and that if the company should reduce the amount of the old stock, he was to account to the defendant for the amount so reduced. The plaintiff offered to prove, by parol, that the reduction was to take place upon a particular consideration, and that none had taken place for such consideration. *Held*, that the evidence was inadmissible.

The defendant attempted to show, by the records of the company, that a reduction of stock had taken place; but it only appeared that propositions to to that effect had been made.

May Term,
1856.

———————

FERRIS
v.
LUDLOW.

Saturday,
May 31.

*Held*, that there not appearing to have been any acceptance of the propositions, no reduction was shown.

*Held*, also, that without authority in the charter, no forced reduction could be made.

APPEAL from the *Dearborn* Circuit Court.

PERKINS, J.—Suit upon a promissory note, which reads— "Nine months after date, due *Ezra Ferris*, or order, one hundred dollars, for value received, this 11th day of *May*, 1846. *Stephen Ludlow*."

The defendant answered, that simultaneously with the note, was executed this instrument: "This is to certify, that I have this day sold to Mr. *Stephen Ludlow* forty shares of stock in the *Lawrenceburgh Bridge Company*, at five dollars per share; but if the company should reduce the amount of the old stock, then I hereby bind myself to account to the said *Ludlow* for the amount so reduced. Witness my hand, this 11th day of *May*, 1846. *Ezra Ferris*." And he averred that the old stock had been reduced to an amount equal to that of the note.

Replication in denial. Trial, and judgment for the defendant. The evidence is upon the record.

The plaintiff attempted to show, by parol evidence, that the reduction of stock contemplated in the above instrument, was to take place on a particular consideration; that no reduction had taken place for such consideration; and, hence, claimed that he would not be accountable for any reduction upon other considerations. We think, under the unqualified terms of that instrument, such evidence was not admissible.

The defendant attempted to show, from the records of the company, that a reduction of stock had taken place. It appears that propositions to that effect were made, but we have failed to discover their acceptance. Propositions to reduce, do not amount to a reduction.

Nor have we been pointed to any section of the charter of the company, authorizing a reduction to be made; and without such authority, no forced reduction could take place. *Angell* and *Ames* on Corporations, 89.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. S. Major* and *A. Brower*, for the appellant.

*P. L. Spooner*, for the appellee.