May Term,
1861.

THE STATE
v.
OVERTURF.

THE STATE, on the relation of Campbell and Others, *v.*
OVERTURF. - _

Suit upon an executor's bond; averring for breach that the executor did not
perform the conditions of his bond, in this: that without authority so to
do, he loaned the moneys of his intestate to one *A.*, taking her note
therefor; that afterward he procured one *B.* to sign said note as surety,
for the purpose of enabling him to settle the estate, and with the agree-
ment that when the estate was settled *B.* should be released as surety,
and the executor become surety thereon in his stead; that concealing
the circumstances under which *B.* had been induced to execute the note
as surety, and the insolvency of *A.*, the executor had procured the Probate
Court to accept the note as money, in the final settlement of the estate,
and afterward refused to become surety on said note; that in a suit on
the note, *B.* was discharged on account of the circumstances under which
his signature was procured, and the said *A.* was insolvent. Prayer that
the settlement be set aside, &c.

*Held,* that the circumstances under which *B.*'s signature to the note was
procured did not invalidate the note as to him; as the parol agreement made
by the executor could not be given in evidence to vary the terms of the
note.

*Held,* also, that the note being valid, there was no fraud in the settlement
of the executor; and the fact that the collection of the note had been
defeated does not affect the case.

APPEAL from the *Ripley* Common Pleas.

*Wednesday,*
*June 5.*

DAVISON, J.—The facts alleged in the complaint are sub-
stantially these: In the year 1838, one *Pinckney Huckstep*
died, leaving *Nancy Huckstep*, his widow, and *Mary A.* and
*John W. Huckstep*, his children and heirs at law. *John W.*
*Huckstep* died while an infant, before the commencement of
this suit, leaving *Nancy* and *Mary A. Huckstep*, his heirs, &c.;
the former of whom is now married to *James Campbell*, and
the latter to *Francis Campbell*, and they, with their respective
husbands, were the plaintiffs below. *Pinckney Huckstep*,
at his death, left a will, whereby he appointed *Jacob Overturf*
(who was the defendant below,) his executor. As such ex-
ecutor, he gave the requisite bond, with one *Henry Ditch*
as his surety, obtained letters testamentary, and entered upon
the duties of the trust. The bond is in the penalty of $600,
and conditioned, in the usual form, for the faithful execution

May Term, of the duties and trusts committed to the executor, according
1861.    to law.  *Henry W. Ditch*, the surety on the bond, is now also

THE STATE  deceased.  Plaintiffs aver that *Overturf*, the defendant, did
v.       not faithfully perform his duties as executor, in this: that,
OVERTURF.  without any authority whatever to do so, he loaned to one
*Elizabeth Ditch* $235, moneys belonging to the estate of the
decedent, and received her promissory note, in these words:

"*August* 6, 1841.  Twelve months after date, we or either
of us promise to pay *Jacob Overturf*, executor of *Pinckney
Huckstep*, deceased, $235, value received, with 10 per cent.
interest from date until paid."          "ELIZABETH DITCH."

It is averred that after the execution of this note, viz.,
sixty days thereafter, one *Preston Christie*, at the alone
request of the defendant, signed it as surety, for the purpose
of enabling him, defendant, to settle the testator's estate; and
with the express agreement, that so soon as that estate was
settled, he, *Christie*, was to be released, and the defendant,
in his stead, was to become surety on the note; that *Elizabeth
Ditch*, being then in doubtful circumstances, afterward became
utterly insolvent.  The note, after *Christie* signed it, reads thus:

"*August* 6, 1841.  Twelve months after date, we or either
of us promise to pay *Jacob Overturf*, executor of *Pinckney
Huckstep*, deceased, $235, value received, with 10 per cent.
interest from date until paid."

"ELIZABETH DITCH,
"PRESTON CHRISTIE."

It is further averred, that in *January*, 1842, the defendant,
concealing the circumstances under which *Christie* had signed
the note, and the fact that *Elizabeth Ditch* was insolvent,
and well knowing that *Christie* was not liable thereon, in-
duced the Probate Court, then in session, to receive the said
note, as so much money, in final settlement by him as ex-
ecutor of the decedent's estate; said Court, when it received
the note, relying alone on the solvency of *Christie*.  And the
plaintiffs in fact say, that the defendant, after said final settle-
ment, failed and refused to become surety on the note, as
stipulated between him and *Christie*.  After this, in *October*,

1842, *John Huckstep*, the then guardian of said *Mary A.* and John W. Huckstep, relying on the solvency of *Christie*, received the note in question from the Probate Court as so much money, and having retained the same about four years, returned it to the defendant, who instituted suit thereon and recovered a judgment against *Elizabeth Ditch*, but failed to recover against *Christie*, for the causes above stated. And the said *Elizabeth* being insolvent and destitute of property, the judgment against her remains unpaid, &c. It is averred that *Mary A. Huckstep*, when she married *Francis Campbell*, was an infant, and has ever since been a *feme covert;* and that *Nancy*, the testator's widow, was married to *James Campbell* in the year 1840, and from thence hitherto has been, and still is, a married woman. The relief prayed is, that the final settlement made by the executor be set aside, and that the plaintiffs recover of him $900, the amount of the note and interest, &c., and for general relief, &c. Demurrer to the complaint sustained, and the plaintiffs excepted.

May Term,
1861.

───────

THE STATE
v.
OVERTURF.

We have a statute which says: "After the debts and legacies of an estate, and charges of administration, are paid, and all claims in favor of such estate are disposed of according to law, the executor or administrator shall be discharged from the further administration thereof, and no final settlement shall be revoked or re-opened, except by appeal to the Circuit Court, and the same shall appear to have been illegally made: *Provided however*, that any person interested in said estate, so settled, may have said settlement set aside *for mistake or fraud*, at any time within three years after said settlement, and if such person be under any legal disabilities at the time of said settlement, then within three years after the removal of such disabilities." 2 R. S., § 116, p. 275.

The complaint in this case is evidently based upon the proviso to the enactment just quoted; and conceding that the plaintiffs have been, and are, under the disabilities contemplated in the proviso, still the inquiry arises, whether the facts alleged sufficiently show that in the settlement sought to be annulled there was "mistake or fraud." If it is not so shown, then the demurrer was well taken. It is not assumed that there was a *mistake* in the settlement; but the charge is,

May Term, 1861.

THE STATE
v.
OVERTURF.

"that the defendant concealed the circumstances under which *Christie* signed the note, and well knowing that *Christie* was not liable thereon, induced the Probate Court to receive said note as so much money, in final settlement," &c. As has been seen, the circumstances concealed by the defendant are these: "*Christie*, some sixty days after the note was executed by *Elizabeth Ditch*, signed it, at the defendant's request, as surety, for the purpose of enabling the defendant to settle the testator's estate, with the agreement that so soon as that estate was settled, he, *Christie*, was to be released," &c. We are therefore led to inquire, whether these circumstances render the note void; because, if the note as to *Christie* was valid, and the Court received it, he being solvent, there was no fraud in the transaction, though the defendant, by such concealment, may have intended to commit a fraud. *Keller* v. *Johnson*, 11 Ind. 337. But, in our judgment, the circumstances above detailed do not, as to *Christie*, invalidate the note; because, in point of law, they could not be set up against its legal effect. *Russell* v. *Branham*, 8 Blackf. 277. To admit them to be proved in defense of an action upon the note, would be to allow its terms to be varied by parol evidence. This the law will not permit. It follows that the note was valid as against *Christie*, when the Court received it, and the result is there was no fraud in the settlement. *Mahan* v. *Sherman*, 7 Blackf. 378; *Ferris* v. *Ludlow*, 7 Ind. 517. The mere fact that *Christie*, after the settlement in the Probate Court, successfully resisted a suit upon the note, can have no effective bearing upon the decision of this case. As no mistake or fraud appears in the settlement, we must hold that the demurrer was well taken.

*Per Curiam.*—The judgment is affirmed, with costs.

*W. S. Holman*, for the appellants.