KELLER *v.* JOHNSON and Another.—Two Cases.

REYNOLDS *v.* THE SAME.

MCCAMMON *v.* THE SAME.

Under the code, a general plea of fraud is bad on demurrer. The facts constituting the defense must be set out.

Suit upon promissory notes. Answer, that the defendant, on, &c., subscribed for sixty shares of the stock of a railroad company, upon condition that the road should be located within a mile of *B.;* that on, &c., the agent of the company, to induce him to execute notes for the nominal amount of said stock, falsely represented that the company were about to proceed to locate and construct the road according to the condition, and to enable them to do so, it was necessary that they should have such notes; that defendant, relying upon such representations, executed the notes in suit; that the company have not located nor constructed the road within a mile, &c., nor did they when such representations were made, intend to do so. The defendant failed to pay the notes at maturity. It did not appear that the company had abandoned the work, nor that they had incapacitated themselves, in any way, from complying with the condition.

*Held,* 1. That the performance of the condition by the company was not intended to precede the payment of the notes.

2. That the defendant, having failed to pay the notes at maturity, cannot set up the failure of the company to perform the condition.

A mere intention to commit a fraud, which has not resulted in an act injurious to the person intended to be defrauded, cannot be pleaded in bar of an action.

APPEAL from the *Jennings* Court of Common Pleas.

DAVISON, J.— The appellees, who were the plaintiffs, brought this action against *Keller* upon four several promissory notes, each for the payment of 180 dollars. The notes bear date *April* 24, 1854, and are payable at three, six, nine, and twelve months, to the president and directors of the *Fort Wayne and Southern Railroad Company,* who assigned them to the plaintiffs.

The defendant answered—

1. That he was induced to execute the notes mentioned, &c., by the fraud, covin, and deceit of the railroad company.

2. That the defendant, on, &c., being the owner of real estate in the neighborhood of *Brewersville,* in *Jennings*

VOL. XI.—22

county, subscribed for sixty shares of the capital stock in said company, upon the express condition that the railroad should be located within one mile of said town; that afterwards, on the 24th of *April*, 1854, the company, by their agent, called upon the defendant, and requested him to execute his notes for the nominal value of the stock which he had subscribed, and, for the purpose of inducing him to make such notes, falsely stated that the company were about to proceed to locate and construct the road within one mile of *Brewersville*, and to enable them to do so, it was necessary for them to have such notes; that the defendant, relying upon the representations thus made, executed the notes in suit.

It is averred that the company have not, as yet, constructed or located the road within one mile of said town; nor did they, at the time of the aforesaid false representations, intend so to locate or construct it. And the defendant says that, in fact, the several notes were obtained by fraud, &c.

There was a demurrer sustained to each paragraph of the answer; and judgment was given for the plaintiffs.

We have decided that, under the rules of pleading now in force, a general plea of fraud is not allowable. The facts constituting the defense must be set out. The first paragraph is, therefore, no defense to the action. *Webster* v. *Parker*, 7 Ind. R. 185.—2 R. S. p. 42, § 66.

But the main question to settle is, do the facts pleaded in the second paragraph constitute a defense?

The stock, it seems, was subscribed on the express condition that the road should be located within one mile of *Brewersville*, and the notes were given for the nominal amount of the stock, upon the representation of the company's agent, that they were about to proceed in the performance of the condition. It is evident that such performance was not intended to precede the payment of the notes; because the professed object in obtaining them was to enable the company to proceed in the work. And the defendant having failed to pay the notes as they matured, cannot, over his own default in furnishing means for the purpose,

be allowed to set up the mere failure of the company to perform the condition.

But in argument, the validity of the defense is rested upon the sole ground, that the company, when their agent made the representations, did not intend to fulfill them. Still, it is not shown that they have abandoned the work, nor does it appear that they have, in any degree, incapacitated themselves from locating and constructing the road in accordance with the representations of their agent. The company, in the performance of their engagement, are not bound to any stated period, and the defendant may yet realize all the advantages expected to be derived from the construction of the road. We are not inclined to hold that a mere intent to commit a fraud, which has not resulted in an act injurious to the person intended to be defrauded, can, in any case, be pleaded in bar of an action. Had the company located their road upon any other route than that contemplated in the agent's representation, or otherwise rendered themselves incapable of complying with their contract, the case presented might be subject to a different rule of decision. As it stands upon the record, the judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed, with 2 per cent. damages and costs.

*J. Ryman,* for the appellant.

*J. W. Chapman, J. B. Meriwether,* and *L. Bingham,* for the appellees.