AMERICAN BUILDING & LOAN ASSOCIATION V. ALEX-
ANDER BEAR.

| 48 | 455 |
|----|-----|
| 48 | 573 |
| 48 | 574 |
| 48 | 455 |
| 51 | 836 |

FILED MAY 19, 1896.   No. 6481.

1. False representations as the basis of an action, whether for damages or for rescission of a contract, are such only as in some manner actually mislead the complaining party to his damage.

2. Actionable fraud must relate to matters material to the transaction involved. Mere collateral inducement, although fraudulently made, of itself affords no ground for the rescission of a contract, or for the recovery of damage against the offending party.

3. Corporations: WITHDRAWAL OF STOCKHOLDER: RECOVERY OF PAY-MENTS. *American Building & Loan Ass'n v. Rainbolt*, 48 Neb., 434, followed.

ERROR from the district court of Madison county. Tried below before ALLEN, J.

*Barnes & Tyler* and *C. M. Cooley*, for plaintiff in error.

*George E. Pritchett, John S. Robinson*, and *Powers & Hays*, contra.

POST, C. J.

This was an action in the district court for Madison county by the defendant in error, Alexander Bear, to recover money paid by himself and by his wife, Amelia Bear, to whose rights he has succeeded by assignment, for twenty-five shares of the capital stock of the plaintiff in error, the American Building & Loan Association, a

Minnesota corporation. The theory upon which the action is prosecuted, and upon which a recovery was allowed by the district court, is that the contracts of subscription had been rescinded on account of the fraudulent representations by the association named, and on account of the breach by it of certain express covenants as inducements thereto. The issues raised by the pleadings are substantially those presented in *American Building & Loan Association v. Rainbolt*, 48 Neb., 434, and supported by practically the same evidence on the part of the plaintiff below. It is not disputed that the plaintiff, Dr. Bear, in the month of July, 1888, subscribed for and caused to be issued in his own name fifteen shares of the stock of the said association, and at the same time subscribed for ten shares in the name of his wife. It is further shown, and not disputed, that assessments upon said stock were regularly paid by him until the month of August, 1891, during which period he acted as the agent of his wife in all matters pertaining to the shares issued in her name. As in *American Building & Loan Association v. Rainbolt*, the only representation alleged with respect to existing matters is that contained in the printed circular regarding the existence of an advisory board. But that statement, it is argued, affords no ground for the rescission of the contracts of subscription, in view of the fact that there is neither allegation nor proof that the rights of stockholders have been even remotely prejudiced by the non-existence of such board. Nor are we warranted in presuming that the affairs of the association would have been more wisely or successfully conducted with the assistance of such a body, whose functions are undefined by charter or by-law, and which would in a legal sense be answerable to nobody for its actions. There is, indeed, no charge of misrepresentation as respects the actual condition of the association, or the management of its business prior to the alleged abrogation of the local board in the month of August, 1891.

False representations as the basis of an action, whether for damages or for the rescission of a contract, are such only as in some manner actually mislead the complaining party to his damage. "A statement made with intent to defraud a subscriber, but without that effect, is immaterial; mere intent without damage is insufficient." (1 Cook, Stock & Stockholders [3d ed.], 149. See, also, *Keller v. Johnson*, 11 Ind., 337; *Robertson v. Parks*, 76 Md., 118; *Wainwright v. Weske*, 23 Pac. Rep. [Cal.], 12.) True, it is alleged that the association, in order to induce the plaintiff below and others to subscribe for its stock, represented that its affairs "were and should be supervised by an advisory board consisting of a large number of well-known and eminent citizens of the states of Minnesota and Iowa; that such representations were false and fraudulent and known by it [the association] so to be at the time they were made, and the said parties so subscribed for said stock as aforesaid believing the same to be true, and were induced thereby to make said subscriptions." But, as above intimated, a reference to the circular mentioned in the petition fails to disclose any representation whatever respecting the powers or duties of the advisory board, or to indicate that it was to be in any manner charged with the responsibility of supervising the affairs of the association. It is elementary law that actionable fraud must in some manner pertain to matters material to the transaction involved. The representations relied upon at most relate to matters of collateral inducement only, and which of themselves afford no ground for the rescission of the contracts of subscription. (*First Nat. Bank of Barnesville, O., v. Yocum*, 11 Neb., 328; *Noel v. Horton*, 50 Ia., 687; *Hall v. Johnson*, 41 Mich., 286; Pomeroy, Equity Jurisprudence, sec. 598.) There is on principle a wide difference between the representations proved and false statements respecting the personnel of managing directors, and possibly of a local board such as contemplated in this instance, since the powers of governing

boards of corporations are clearly defined by law, and the character of the persons comprising such bodies is presumably one of the inducements for the relation assumed toward them by stockholders, with its attendant responsibilities.

The other questions discussed by counsel were considered in *American Building & Loan Association v. Rainbolt*, 48 Neb., 434, and will not be here examined.

The judgment will be reversed and the cause remanded.

REVERSED.