LOUIS M. COHN ET AL. V. WILLIAM BROADHEAD & SONS.

FILED JUNE 3, 1897. No. 7330.

1. Sales: FALSE REPRESENTATIONS OF BUYER: RESCISSION. In order to authorize the rescission of a sale on the ground that it was induced by the false representation of the vendee, such representation must be made as to an existing fact and not relate to something promised to be done by the vendee in the future.

2. ———: ———: EVIDENCE. A merchant ordered goods of a wholesale dealer, promising to pay one-half the price of the goods on receipt of the same, and the remainder at a day named in the future. He did not pay on receipt of the goods, as promised, but the merchant did not intend at the time the promise was made not to pay for the goods. *Held*, That the facts did not warrant the conclusion that the sale was induced by the fraudulent representation of the vendee.

3. ——: ——: ——. A merchant stated to a commercial agency that in his opinion his stock of goods was worth $8,000. The commercial agency communicated this opinion to a wholesale dealer, and, at the same time, informed the latter that while the opinion of the merchant was given in good faith he had placed too high a value on his stock. The wholesale dealer, nevertheless, relied upon the opinion expressed by the merchant and sold him goods on credit. The goods were worth $5,000. *Held,* That the facts did not warrant the conclusion that the sale was induced by the fraudulent representation of the vendee.

ERROR from the district court of Lancaster county. Tried below before HALL, J. *Reversed.*

*Stevens & Cochran,* for plaintiffs in error.

*Ricketts & Wilson, contra.*

RAGAN, C.

This is an action in replevin brought in the district court of Lancaster county by William Broadhead & Sons against Louis M. Cohn and others. Broadhead & Sons had a verdict and judgment, and Cohn and others prosecute to this court a petition in error.

There are several assignments of error argued in the brief, only one of which we deem it necessary to notice, namely, that the verdict of the jury is not supported by sufficient evidence. On the 30th of August, 1892, Broadhead sold and shipped a bill of goods to Cohn. The goods were received and placed in Cohn's store and more than half of them sold and disposed of in the ordinary course of business prior to the 26th of September, 1892. On this last date Cohn became embarrassed and executed a mortgage on his goods, including the goods purchased of Broadhead and remaining unsold, to one Spiesberger. Broadhead & Sons then attempted to rescind the sale of the goods to Cohn and replevied them, claiming that Cohn procured the sale and delivery of the goods by false representations. The evidence relied upon by Broadhead to sustain his theory that Cohn obtained the goods by false representations was, first, that Cohn promised, in

consideration of the sale of the goods to him, to pay one-half their purchase price on receipt of the goods and the other half on the 1st of October. It is not claimed that the agreement was that the title to these goods should remain in Broadhead until half the purchase price, or any of it, was paid; nor is it claimed that this promise of Cohn's was not made in good faith, or that when he made the promise he made it for the purpose of obtaining the goods intending then not to pay for them. In order to authorize a rescission of a sale induced by the false representation of a vendee such representation must have been made as to an existing fact and not relate to something promised to be done by the vendee in the future. (*Perkins v. Lougee*, 6 Neb., 220; *American Building & Loan Ass'n v. Bear*, 48 Neb., 455. See the rule stated and the authorities collated in 8 Am. & Eng. Ency. of Law [1st ed.], 635.) It is clear, then, that Broadhead is not entitled to have this sale rescinded because Cohn promised to pay for half the goods on their arrival and the remainder on October 1, 1892, and failed to keep that promise.

A second ground on which Broadhead claims the right to rescind this sale is that Cohn made statements as to his financial condition to the Dun Commercial Agency. This agency furnished him, Broadhead, the statements made and he relied upon them. It is not claimed that Cohn ever made any representations as to his financial affairs to Broadhead & Sons, and the evidence fails to show that Cohn ever made any representations to the Dun Commercial Agency as to his financial condition. On the 17th of June, 1892, Cohn, in a conversation with an agent of the Dun Commercial Agency, expressed the opinion that his mercantile stock was of the value of $12,000, and that his indebtedness amounted to about $4,000. On the next day the Dun agency communicated this conversation to Broadhead, and in the communication expressed the opinion that Cohn had acted in good faith in the value placed by him upon his stock, but

warned Broadhead, in effect, that Cohn's judgment of the value of the stock was too high, and also advised Broadhead that if Cohn was seeking credit it would be best not to give any credit to him until further information could be obtained as to his financial standing.   Now, if it can be said that Broadhead in giving the credit for the goods sold in this case relied upon the opinion expressed by Cohn to the commercial agency that the stock of goods was of the value of $12,000, the answer is that this was not a representation of a fact by Cohn and it was the mere expression of an opinion of his, and communicated as such to Broadhead; and this opinion, though erroneous and relied upon by him, would not generally justify his rescission of the contract of sale.   (*Homer v. Perkins*, 124 Mass., 431; *Gordon v. Butler*, 105 U. S., 553; *Anderson v. McPike*, 86 Mo., 293; *Schramm v. O'Connor*, 98 Ill., 539; *Dawson v. Graham*, 48 Ia., 378; *Ellis v. Andrews*, 56 N. Y., 83; *Shade v. Creviston*, 93 Ind., 591.)

The verdict of the jury is not sustained by sufficient evidence.   The judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.