ESTERLY HARVESTING MACHINE COMPANY V. JOHN BERG.

52  147
62  574

FILED JUNE 15, 1897.   No. 7303.

1. **Allegata et Probata: REVIEW.** A verdict will be set aside when not based on any evidence directed to the issues presented by the pleadings and submitted to the jury by the instructions. *Allegata et probata* must agree.

2. **Trial: ISSUES: EVIDENCE.** The rule that parties who voluntarily submit to the introduction of irrelevant testimony and accept a verdict thereon, are precluded from thereafter urging that the evidence was irrelevant, does not apply to a case where the pleadings and the instructions of the court confined the jury to a consideration of one issue when there was no evidence to support the verdict on that issue, although there was evidence which might have sustained a similar verdict had other questions or different issues been submitted to the jury.

3. **Deceit: FALSE REPRESENTATIONS: SALES.** False representations, in order to found an action in the nature of deceit, must not consist merely of promises to be performed in the future, and generally not merely of expressions of opinion by a vendor as to the quality of his goods. They must be representations of known existing facts.

ERROR from the district court of Lancaster county. Tried below before TIBBETS, J.   *Reversed.*

*Pound & Burr*, for plaintiff in error.

*Boehmer & Rummons, contra.*

IRVINE, C.

Berg recovered, in the district court of Lancaster county, a judgment against the Esterly Harvesting Machine Company, which the latter brings here for review by petition in error.   The only question presented by the

briefs is the sufficiency of the evidence to sustain the verdict under the issues framed and the instructions of the court.   A consideration of this question calls for an examination of the pleadings.

The petition alleges that the Harvesting Machine Company, which we shall hereafter style the defendant, as it appeared in the district court, was engaged in selling a machine called the "Esterly Self-Binder," and in 1891 it attempted to sell such a machine to the plaintiff, and for that purpose "fraudulently represented, led and caused this plaintiff to believe that said machine was a good and new machine and would do good work in its line, and that the machine was equal to do, and would do, as good work as any ordinary machine of a similar kind;" that in truth and in fact the machine was of inferior quality, and was of no value in that it would not perform the work that it was designed to do; that, relying on said false representations, the plaintiff received the machine, and, finding it would not work, agents of the defendant represented that they would put the machine in good order, guaranteed that it would be of the best kind and would do good work, and that if it did not do so plaintiff need not pay therefor; and thereby procured the plaintiff to sign two promissory notes for the sum of $62.50 each, which, together with an old machine surrendered to the defendant, constituted the purchase price. The petition then avers that the defendant transferred said notes before maturity to an innocent holder, and that plaintiff was compelled to pay the same.   It then pleads certain items of special damage, the consideration of which was by the court excluded from the jury, so that they need not be further mentioned.   The answer contains two counts: The first is a general denial; the second count pleads a written contract for the sale of the machine, followed by a special contract of warranty not necessary to here set out, but in its general characted similar to contracts for agricultural machinery which have frequently been described in the reports of

this court.   It then pleads a full performance of the con-
tract on defendant's part and a breach by the plaintiff of
the requirements for the enforcement of the warranty.
The reply admitted the warranty and denied the contract.
The court, by its instructions, treated the case entirely
on the theory of the petition as an action for damages for
false representations, and instructed the jury affirma-
tively that it was not an action for breach of warranty;
that it was immaterial whether or not the contract of
warranty had been complied with, and that the atten-
tion of the jury must be confined to the issue in regard
to the representations.

The evidence tends to show that the plaintiff called at
the place of business of Koller & Newton, in Pleasant-
dale, who seem to have been sales agents for the de-
fendant, and there had some conversation about purchas-
ing a machine.   The following day a Mr. Lynch, an agent
of the defendant, called at plaintiff's farm, and it would
seem that the contract of sale was there entered into,
but the notes and old machine were not then delivered.
Thereafter the plaintiff obtained the machine from Koller
& Newton, and took it to his farm.   Mr. Hess, another
agent of the defendant, came to the farm with Mr. Koller,
and the machine was tried.   It did not work properly.
Some adjustments were made, but the defect was not
remedied.   Mr. Hess ascribed the failure of the machine
to work to the undue moisture of the soil.   Then followed
the only representation, aside from the contract of war-
ranty, which appears at all in the evidence prior to the
execution of the contract.   The plaintiff narrates it as
follows: "Then Hess took out his pocketbook and drawed
the notes, and says I, Mr. Hess, I ain't going to sign those
notes, I want to see how the binder works first.   Well,
he says, I am perfectly satisfied that binder will give sat-
isfaction when the ground is dry, and you will save us
the trouble of coming back again if you will sign them
notes, and if the binder don't give satisfaction, we will
make it give satisfaction, he says."   Twice again the

plaintiff testifies to this conversation, ascribing to Mr. Hess in each instance the same language, and the plaintiff's son gives precisely the same account of the transaction. There were subsequent conversations with agents of the defendant, but they were after the notes and old machine had been delivered, and therefore did not operate as an inducement to the contract.

Two principles are elementary: First, that a false representation to be actionable must not be a promise to be performed in the future, but the representation of an existing fact; and secondly, that in the absence of special peculiar circumstances one is not warranted in relying on an expression of opinion by a vendor with regard to the quality of his goods. The representation must be a statement of known fact, and generally not merely the expression of an opinion. (*Cohn v. Brodhead*, 51 Neb., 834.) It will be observed that Hess merely said that he was satisfied that the machine would give satisfaction. He did not represent, as charged in the petition, that it was a new machine; that it was a good machine; that it was equal to and capable of doing as good work as any ordinary machine of a similar kind. He confined himself to expressing his opinion that it would give satisfaction, —presumably satisfaction to the plaintiff,—and this was followed by a promise to make it give satisfaction. In other words, we have here the vendor's opinion as to the future operation of the machine and his promise to, in the future, make the machine conform to the opinion then expressed. There can be no recovery in an action of deceit on such testimony. The plaintiff contends that the defendant having pleaded the warranty, and the evidence being of such a character as to show a breach of warranty, the verdict ought not to be set aside, defendant having voluntarily tendered that issue. But the warranty was pleaded as a defense, probably unnecessarily, but certainly not in such a way as to transform the plaintiff's cause of action from one in the nature of deceit to one on a contract which the plaintiff denied. The plaintiff's

theory was that the contract was avoided; that he had surrendered the machine, and he was claiming no rights upon the contract. It is also contended that the facts justifying a recovery, and having been litigated without objection on the trial, it is now too late to insist that they were irrelevant to the issues. It is true that a great deal of testimony was received without objection tending to show a breach of warranty; but whether or not that evidence having gone in without objection, the case might have been determined thereon, the court did not take that view of it, and neither did either party. Neither party requested instructions on the theory of a breach of warranty. The court, in the clearest terms, excluded that whole question from the jury, and the case is therefore not one where the parties have without objection litigated and obtained a verdict upon issues not presented by the pleadings. The verdict was not upon those issues. It responded, under the instructions of the court, solely to the question of false representations. So considered, it was not supported by the evidence and was contrary to law.

REVERSED AND REMANDED.