JOHN CERNY ET AL., APPELLEES, V. PAXTON & GALLAGHER COMPANY, APPELLANT.

FILED JANUARY 5, 1907. No. 14,532.

1. Petition examined, and *held* to state a cause of action for fraud and deceit.

2. Fraud: ACTION. Ordinarily, deceit to ground a recovery must relate to existing facts; but if one person by means of a promise which he makes with the secret intention of not performing it induces another to part with his money or property, he is guilty of actionable fraud.

3. Fraud: CONTRACT: CONSIDERATION: STATUTE OF FRAUDS. Where a creditor induces his debtor to secure a debt by a mortgage on a stock of goods on the faith of his promise that he will not permit a sale thereof under foreclosure at public auction below a certain price, and that, in case such amount is not bid, the creditor will bid in the stock and dispose of the goods at private sale, accounting to the debtor for the surplus after the satisfaction of the debt, such promise is not a collateral undertaking, but a part of the original consideration whereby the debtor was induced to execute the mortgage, and is not within section 9, ch. 32, Comp. St. 1905, relating to the sale of personal property.

4. Damages. In an action for fraud and deceit grounded on such promise, the creditor having permitted the goods to be sold at public auction below the price fixed, the amount of plaintiffs' recovery is to be determined by the position they would have occupied had there been no fraud, and they are entitled to the benefit of their bargain on that basis. Hence, the measure of damages in such case is the difference between the price the goods brought, as thus sold, and the market value thereof.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Reversed.*

*T. J. Mahoney* and *J. A. C. Kennedy,* for appellant.

*L. J. Piatti* and *George W. Cooper, contra.*

ALBERT, C.

The record presented for review shows an action brought by John Cerny, and another, against Paxton & Gallagher Company, a corporation. The material allegations of the petition are, in substance, as follows: That on and prior to the 30th day of July, 1897, the plaintiffs were engaged in a general mercantile business in the village of Dodge, in Dodge county, carrying a stock of the value of $5,200 and book accounts of the value of $1,400; that the liabilities of the plaintiffs at that time did not exceed $2,300, of which amount about $1,000 was owing to the defendant; that on or about said date the defendant, acting through its duly authorized agents, falsely and fraudulently represented to the plaintiffs that if the plaintiffs would secure their indebtedness to the defendant by a first mortgage on their stock, fixtures and book accounts, and the indebtedness due to other creditors, aggregating a little over $1,000, by mortgages on the same property, subject to defendant's said mortgage, the defendant would take possession of the property under the mortgages and sell the same thereunder, except the book accounts, which were to be collected, and at said sale would bid in and buy the property and prevent a sale thereof, unless it sold for at least $3,800, exclusive of the book accounts; and that, in case the property was so as aforesaid bid in and bought by the defendant, in order to prevent a sale thereof for less than $3,800, the defendant would place the plaintiffs in charge thereof as its agents, and sell the same at retail for cash, and apply the proceeds, with the amount collected on the book accounts, to the discharge of the mortgage indebtedness, and that, when such indebtedness was thereby satisfied, the defendant would turn over the

remainder of the stock and book accounts to the plaintiffs; that the plaintiffs relying upon the said representations and promises of the defendant, and believing the same to be true and to have been made in good faith, gave the defendant a first mortgage on the said stock, fixtures and book accounts, and subsequent mortgages thereon to the said four other creditors, and surrendered possession of the mortgaged property to the defendant; that the said representations and promises of the defendant, with respect to bidding upon the said property at the foreclosure sale thereof, and buying the same in and thereby preventing a sale thereof for less than $3,800, were made by the defendant without any intention on its part to keep and perform the same, but were made with the fraudulent design and purpose of thereby inducing the plaintiffs to execute the said mortgages, and surrender possession of the property thereunder to the defendant, to be sold for the satisfaction of the said indebtedness; that in pursuance of said fraudulent design and purpose the defendant, after the execution of said mortgages, took possession of the property thereunder, and at the foreclosure sale thereof made no bid on the property, but permitted the same, exclusive of the book accounts, to be sold to a third party for the sum of $2,555, he being the highest bidder; that by reason of the defendant's said false and fraudulent representations, and wrongful acts in the premises, the plaintiffs have been damaged in the sum of $10,000.

The answer admits the execution of the mortgages mentioned in the petition, the foreclosure sale thereunder, but denies all other allegations. The trial resulted in a verdict and judgment for the plaintiffs, and the defendant appeals.

One contention of the defendant is that the petition does not state a cause of action. The cause was tried and submitted on the theory that the action was one for fraud and deceit, and the sufficiency of the petition, therefore, should be tested by the rules of pleading applicable to actions of that character.

The contention that the petition is fatally defective is based on two grounds, the first of which is that fraud cannot be predicated on a promise not performed; that to constitute actionable fraud there must be a false assertion in regard to some existing matter by which a party is induced to part with his money or property. There can be no doubt that such is the general rule. *Perkins v. Lougee,* 6 Neb. 220; *Foley v. Holtry,* 43 Neb. 133; *Moore v. Scott,* 47 Neb. 346; *Crosby v. Ritchey,* 47 Neb. 924; *American B. & L. Ass'n v. Bear,* 48 Neb. 455; *Cohn v. Broadhead & Sons,* 51 Neb. 834; *Esterly H. M. Co. v. Berg,* 52 Neb. 147; *Canon v. Farmers Bank,* 3 Neb. (Unof.) 349. But an apparent exception to the general rule is that, if the intention not to perform exists when the promise is made, the promise is fraudulent. This exception was recognized by this court in *McCready v. Phillips,* 56 Neb. 446, where the court held that "deceit to ground a recovery must relate to existing facts; but if a man buys property on credit with the intention at the time of not paying therefor, his promise to pay is but a false token whereby the fraud is effected. The real fraud is the expressed or implied false representation of his intention to pay." *Ayres v. French,* 41 Conn. 142; *Dowd v. Tucker,* 41 Conn. 197; *Chicago, T. & M. C. R. Co. v. Titterington,* 84 Tex. 218; *Goodwin v. Horne,* 60 N. H. 485; *Wilson v. Eggleston,* 27 Mich. 257; *Gross v. McKee,* 53 Miss. 536. In *Dowd v. Tucker, supra,* the third head note states this proposition: "The procuring of property upon a promise which the party at the time does not intend to perform is a fraud. And it makes no difference whether the property is real or personal." In *Goodwin v. Horne, supra,* the rule is thus stated: "Ordinarily, false promises are not fraudulent, nor evidence of fraud, and only false representations of past or existing facts are actionable. * * * But when a promise is made with no intention of performance, and for the very purpose of accomplishing a fraud, it is a most apt and effectual means to that end, and the victim has a remedy by action or defense." The holding of this

court in *Pollard v. McKenney,* 69 Neb. 742, is to the same effect. The false promise, therefore, charged to the defendant, coupled with the charge that it was fraudulently made without any intention to perform it, but to induce the plaintiffs to part with their property, constitutes actionable fraud.

Counsel for the defendant appear to recognize the exception, to a certain extent at least, but argue that the promise was a mere collateral promise, given as an inducement to the giving of a chattel mortgage, for which the plaintiff's indebtedness was a complete and perfect consideration. There is no doubt the indebtedness would have been a sufficient consideration to support the chattel mortgages, and would have been sufficient for all purposes, had the plaintiffs been of that mind. But they were under no legal obligation to give the chattel mortgages. They had a right to name the terms upon which they would do so. The defendant made the promise, and the plaintiffs parted with their property on the faith of it. The promise was not a collateral undertaking, but a part of the consideration upon which the plaintiffs parted with their property.

The other ground upon which the sufficiency of the petition is challenged is that the alleged fraudulent promise is one for the purchase of goods in the future, for a price exceeding $50, and that as no memorandum thereof was reduced to writing, no part of the price paid nor goods delivered, it is within section 9 of the statute of frauds and void; that such promise, being one that could not have been enforced, does not amount to a material representation, and, consequently, that actionable fraud may not be predicated thereon. There is no want of authority to the effect that, if a promise be unenforceable under the statute of frauds, it will not sustain an action for fraud and deceit. See *Dung v. Parker,* 52 N. Y. 494; *Haslock v. Fergusson,* 7 A. & E. (Eng.) 86; *Gallager & Mason v. Brunel,* 6 Cow. (N. Y.) *346; *David v. Moore,* 9 Rich. (S. Car.) 215; *Dawe v. Morris,* 149 Mass. 188; *Boyd v. Stone,* 11 Mass. *342. But one reason why that

rule does not apply to this case is that the alleged fraudulent promise was not one to purchase goods at a future day. No purchase of the defendant at a future day was thereby contemplated. If the defendant in pursuance of such promise had bought in the goods at the foreclosure sale, in order to prevent a sale thereof at public auction for less than $3,800, it would not have become thereby the absolute owner of the goods, because in such event its promise required it to proceed to sell at private sale, and to account to the plaintiffs for such portion of the goods as remained after the satisfaction of the mortgage indebtedness. Its title, therefore, would still be that of a mortgagee in possession. In other words, all that the promise contemplated was that, in case no sale of the property was made at public auction for $3,800 or better, the attempt to dispose of it at public auction should be abandoned, and the defendant should proceed to dispose of a sufficient amount thereof at private sale to discharge the mortgage indebtedness, allowing the plaintiffs to act as its agents in that behalf. It contemplated a mere change in the foreclosure proceedings in case a certain amount could not be realized from the property at public sale, and was in no true sense a promise to buy.

The court instructed the jury, in effect, that in case they found for the plaintiffs they would be entitled to recover the difference between the price the goods brought at the foreclosure sale, namely, $2,555 and $3,800, the amount below which it is alleged the defendant agreed it would not permit the goods to be sold. The defendant complains of this instruction; and we think justly. The plaintiff's right of recovery is determined by the position they would have occupied had there been no fraud, and they are entitled to the benefit of their bargain on that basis. *King v. White,* 119 Ala. 429, 24 So. 710; *Drake v. Holbrook,* 78 S. W. 158, 25 Ky. Law Rep. 1489; *Krumm v. Beach,* 96 N. Y. 398; *Bergeron v. Miles,* 88 Wis. 397, 43 Am. St. Rep. 911. There is no presumption that, had the defendant bid at the foreclosure sale, the goods would

have sold for $3,800, neither is there any presumption that such amount would have been realized therefrom had they been bid in by the defendant and resold at private sale, as contemplated by the parties. The evidence is clear that the defendant never agreed to buy the property outright at any price. In this particular case, the measure of damage is precisely the same as though the action had been brought and prosecuted for a breach of contract instead of fraud and deceit, and in such case the measure of damage would be the difference between the amount realized from the sale of the goods and the amount that would have been realized therefrom had the defendant fulfilled its promise, namely, the market value of the goods, not exceeding $3,800.

For the error in the measure of damages adopted by the trial court, it is recommended that the judgment of the district court be reversed and the cause remanded for further proceedings according to law.

·DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.