[No. 13206. Department Two. May 10, 1916.]

JAMES R. GATES, *Appellant*, v. L. I. GREGORY, *Respondent*.[1]

CORPORATIONS—SALE OF STOCK—ACTION FOR PRICE—FRAUD—EVIDENCE. In an action for the price of stock, it is a good defense that it was induced by the fraud of the president and principal stockholder, who represented that the corporation was in a prosperous condition and the book value of the stock was a certain amount when in fact it was not, and that a certain man of prominence was a member of the board of directors when in fact he was not.

SAME—SALE OF STOCK—FRAUD OF OFFICER—NOTICE TO CORPORATION. A corporation is constructively charged with notice of fraud in the sale of stock, by its president and principal stockholder, who was in exclusive charge of its affairs, and acted alone, both for himself and the company, in making the sale of his stock, taking a note therefor secured by the stock as collateral, and transferring the note to the corporation before maturity, giving himself credit upon the books of the company.

ESTOPPEL—ELEMENTS—KNOWLEDGE—ACQUIESCENCE. A director induced to purchase stock in a corporation through fraud is not charged with knowledge of the fraud or estopped to defend an action upon a note for the purchase price, from the fact that he was present at a board meeting at which a resolution was adopted authorizing the transfer of assets of the company as might seem consistent with the best interests of the company, under which resolution the note

[1]Reported in 157 Pac. 470.

passed with other assets, he having no knowledge that his note had passed to the company and no specific assets being considered.

BAUSMAN, J., dissents.

Appeal from a judgment of the superior court for King county, Smith, J., entered April 26, 1915, upon findings in favor of the defendant, in an action on a promissory note, tried to the court. Affirmed.

*C. A. Riddle* and *James Kiefer*, for appellant.

*H. D. Folsom* and *Carkeek & McDonald*, for respondent.

MAIN, J.—In this case the plaintiff sought to recover upon a promissory note which had been transferred to him by the Guardian Life Insurance Company, a corporation, for the purpose of suit. The complaint contains the usual allegations in such an action. The allegations of the complaint are denied in the answer, except the execution of the note is admitted, as well as the fact of nonpayment. The answer affirmatively pleads that the giving of the note was induced by fraud. . In the reply, the charge of fraud is denied, and it is pleaded that the defendant, while he was a trustee of the Guardian Life Insurance Company, recognized the note as belonging to that company in such a way that he cannot now interpose the defense of fraud when that company is the party beneficially interested in the action. The cause was tried to the court without a jury and resulted in a judgment for the defendant. The plaintiff has appealed.

The facts necessary to an understanding of the questions here to be considered are these: On December 29, 1908, one J. T. Stimmel, being then the majority stockholder, president, and manager of the Guardian Life Insurance Company, transferred twenty-five shares of his stock in that company to the respondent and took from the latter a promissory note calling for the payment of $2,075, due December 1, 1909. The stock for which the note was given was returned to Stimmel as collateral security for the payment of the note.

On the day following, Stimmel transferred the note to the Guardian Life Insurance Company, and gave himself credit upon the books of the company for the amount thereof. In transferring the note to the insurance company, Stimmel acted both for himself and for that company. No one else participated in the transaction.

Before the day on which the note was given, Stimmel, as president of the Guardian Life Insurance Company, had called upon the respondent a number of times, who was then secretary of the Title Trust Company, of Seattle, and solicited him to become one of the stockholders and trustee of the Guardian Life Insurance Company. One of the reasons most strongly urged by Stimmel to the respondent in his endeavor to close the transaction which resulted in the giving of the note, was that Stimmel desired the respondent to act as a trustee of the insurance company in order that he might induce certain eastern people to become financially interested in the company, it being his thought that a local man experienced in trust company business would aid the standing of the insurance company in the estimation of possible investors. At this time the respondent was secretary of the Title Trust Company, doing a trust and banking business. Subsequent to the giving of the note, the respondent became a member of the board of trustees of the Guardian Life Insurance Company, and acted in that capacity until September 6, 1910.

On July 22, 1909, the Guardian Life Insurance Company, being in financial difficulties, the board of trustees held a meeting and passed a resolution authorizing the reinsurance of the business of the company in some reliable insurance company; and that the assets of the company be disposed of in a way most consistent with the best interests of the Guardian Life Insurance Company. In pursuance of this resolution, certain of the assets, including the respondent's note, were transferred to the American Savings Bank & Trust Company for collection. A few days prior to the due date of the note,

the respondent received notice from the last named company
that it held the note for collection, and requested payment.
This was the first knowledge that the respondent had that
the note had passed out of the possession of Stimmel and
had become part of the assets of the insurance company.
The note not being paid, was returned by the American Sav-
ings Bank & Trust Company to the Guardian Life Insur-
ance Company, and was subsequently transferred to the ap-
pellant for the purpose above stated. Further facts will be
stated in connection with the consideration of the questions
to which they may be particularly pertinent.

The principal question in the case arises as to the nature
of the transaction between Gregory and Stimmel which cul-
minated in the giving of the note sued upon. The respond-
ent claims that the giving of this note was induced by fraud,
in two particulars: First, that Stimmel misrepresented the
financial condition of the insurance company, stating that it
was in a prosperous condition, when its financial affairs were
in a bad condition; and second, that Stimmel had falsely rep-
resented to the respondent that two prominent men were
members of the board of directors, when in fact they were
not.

The trial court found that the representations of Stimmel
in the two particulars mentioned were false and fraudulent.
In other words, that the company was represented to be in
a prosperous condition and that the book value of its stock
was a certain amount, when in fact the company was in fail-
ing circumstances and the book value of the stock was much
less than that represented. And also that Stimmel had rep-
resented that one man in particular, in whom the respondent
had great confidence, was a member of the board of directors,
when in fact he was not.

Without detailing the evidence, it may be said that, after
a careful consideration of all the evidence, we are of the
opinion that the evidence supports the finding of the trial

court.  In *Boehme v. Broadway Theater Co., ante* p. 104, 157 Pac. 218, it was said:

"The financial condition of the company, the volume of its business, the amount of its income and expenses, and what these had been in the past, were all matters peculiarly within the knowledge of the appellants and not easily ascertainable by respondent.  We have frequently held that representations as to such matters are representations as to matters of fact, and if false and made with knowledge that they were being relied upon by the other party, constitute actionable fraud."

The giving of the note having been induced by fraud, the next question is whether the Guardian Life Insurance Company is chargeable with knowledge of this fraud.  The trial court found, and this finding is sustained by the evidence, that Stimmel was the president of the company, in active, practical, and exclusive charge of its affairs, and of its books, papers, and documents; that, though the corporation had a board of trustees, Stimmel was permitted to exercise, and did exercise, practically complete dominion over the affairs of the corporation; and that he was, during his term as president, to all practical intents and purposes, the corporation itself.  In addition to this, the evidence shows, as above stated, that, in the transfer of the note from Stimmel to the insurance company, he acted both for himself and the corporation.  No one else took any part in the transaction.

In support of his position that the insurance company was not constructively charged with knowledge of the fraud which induced the giving of the note, the appellant invokes the rule that the principal is not chargeable with the fraud of its agent when the conduct of the latter is such that a presumption arises that the agent would not communicate the fact to the principal; as where the communication of such fact would disclose a fraudulent scheme or transaction.  But that rule, we think, does not fit the facts in this case.  The rule here applicable is that, where an agent or officer of a corporation in an individual transaction of his own with a third party

induces the giving of a note from such third party by fraud, and subsequently transfers the note to the corporation of which he is an agent or officer, acting in the transfer to the corporation both for himself and the corporation, then the corporation is charged constructively with knowledge of the fraud, and since it acts through that officer alone, his knowledge must be imputed to it. The principal is regarded as acting with knowledge of a fraudulent act when represented solely by an agent who possesses such knowledge. *Atlantic Cotton Mills v. Indian Orchard Mills*, 147 Mass. 268, 17 N. E. 496, 9 Am. St. 698; *Millward-Cliff Cracker Co.'s Estate*, 161 Pa. St. 157, 28 Atl. 1072; *First Nat. Bank of New Milford v. New Milford*, 36 Conn. 93; *Holden v. New York & Erie Bank*, 72 N. Y. 286; 3 Clark & Marshall, Private Corporations, p. 2214.

In this case, Stimmel, owner of the majority of the stock, president, and manager of the corporation, committed the fraud which induced the giving of the note. He transferred the note to the corporation, giving himself credit upon the books therefor. In this transfer no other person represented the corporation. Stimmel acted both for himself and the corporation. Had the corporation, at the time of the transfer of the note to it, been represented in the transaction by its board of trustees, or by some other officer of the corporation, a different question would be presented.

It is next claimed that the respondent is estopped from asserting that the Guardian Life Insurance Company took the note charged with knowledge of the fraud, since he was present at a meeting of the board of trustees on July 22, 1909, and acted as secretary *pro tem* of that meeting, at which a resolution was passed authorizing the transfer of the assets of the company in such a way as might seem consistent with the best interests of the company, and that the note in question passed to the American Savings Bank & Trust Company under this resolution, together with certain other assets. But this position is not tenable. The necessary elements to con-

stitute an estoppel are not here present. At the time the resolution was passed, the respondent had no knowledge that his note had been transferred to the company by Stimmel. When the resolution was passed, only a general plan of operation was adopted; no specific assets were considered.

There are certain assignments of error predicated upon rulings of the trial court in receiving and rejecting certain testimony. Without reviewing these in detail, it may be said that, after giving consideration to them, we are of the opinion that these rulings do not constitute reversible error.

The judgment will be affirmed.

MORRIS, C. J., HOLCOMB, and PARKER, JJ., concur.

BAUSMAN, J., dissents.