[No. 19803.   Department Two.   August 4, 1926.]

WILLIAM HANLON et al., *Appellants*, v. WESLEY M. NELSON et al., *Respondents*.[1]

[1] FRAUD (22)—EVIDENCE—SUFFICIENCY. There is no sufficient evidence to sustain a verdict for fraud, and judgment n. o. v. is properly rendered, where the representations complained of as inducing the sale, viz., that the purchaser "could open" a certain street over land of the vendor, did not imply a promise on his part to open it or that it could be opened other than in the manner provided by law; nor would it be actionable fraud to state that the vendor "has reserved" a twenty-five foot strip for such street, implying at most a mere promise to do so in the future.

Appeal from a judgment of the superior court for Yakima county, Nichoson, J., entered October 15, 1925, dismissing, on the merits, an action for damages for fraud, notwithstanding a verdict rendered in favor of the plaintiffs.   Affirmed.

*Shumate & Cheney,* for appellants.

*Richards, Gilbert & Conklin* and *H. H. Wende,* for respondents.

[1] Reported in 248 Pac. 59.

MACKINTOSH, J. — The appellants, in April, 1922, purchased from the respondents an unplatted tract of land in Yakima, and in this action ask for damages on account of fraudulent misrepresentations which induced the purchase. After the jury had returned a verdict in appellants' favor, judgment notwithstanding the verdict was granted, from which this appeal was taken. The question before us is whether there was sufficient proof of fraudulent misrepresentations to allow a jury to return any verdict.

Summarized, the facts are these: In August, 1919, the appellants had purchased from the respondents an adjoining tract of orchard land, both tracts being portions of a larger area owned by the respondents. At the time of the first sale, the appellants claim that they were shown a blue print upon which appeared a twenty-five foot street adjoining the tracks on the west and leading into a city street known as Summit View avenue, and that the respondents said at that time, in reference to this strip of land, "I reserve twenty-five feet here for a street." The appellants knew that the street had never been dedicated or opened for use to the public, and after having been in possession of the first tract for four years, purchased the second tract, and claim that, in addition to the representation made on the first sale, they were induced to make the subsequent purchase by two representations made by the respondents, one in 1920, when the appellants testify that the respondents said to them, when the appellants were considering the purchase of the second tract which adjoined the first tract but had no outlet to any street, "You can open this street out to Summit View avenue and plat it and make money out of it." No sale having taken place at that time, in the spring of 1922, the appellants testify that the respondents again,

in an effort to sell the second tract to the appellants, said, "You can open that street out to Summit View avenue and plat these lots." The only other testimony, in regard to these representations, was that a real estate agent, representing the respondents, said to the appellants, some time in 1921, that the respondents had told him that they had reserved a twenty-five foot strip for a right of way out to Summit View avenue. The second tract conveyed to the appellants included that portion of the alleged reserved strip extending along the entire length of the tract. After the purchase of the second tract, the respondents disposed of the twenty-five foot strip between the second tract and Summit View avenue.

[1] The only question is whether these statements amounted to fraud. We cannot so view them. The appellants knew that the title to the strip was in the respondents, knew that it had not been dedicated to the public or used by it, and the statement to the appellants, that they could open this strip out to Summit View avenue, amounted to nothing more than a statement of what was possible for the appellants to do in the future. It did not assure them that this outlet could be procured in any other way than that provided by law, there was no representation as to any existing or past fact, and, while it may have induced the purchase, it was not what amounted to a fraudulent misrepresentation. The appellants themselves testified that their conversations with the respondents, on the two occasions to which reference has been made, were to the effect that the appellants themselves could open the street. No statement is claimed to have been made, that the respondents said that they had opened the street, or that they would open it. The appellants knew that, by purchasing the second tract, they had

acquired approximately a half of what they claimed was a reserved strip, and that it lay within their power solely to open that portion.

The other representation, made at the time the first tract was purchased, that the respondents had reserved the twenty-five foot strip, amounted at the most to a promise that the respondents would, at some time, open or dedicate a street. A promise as to something to be performed in the future, even though the promise is never fulfilled, is not fraud which entitles a party, though misled by the promise, to recover damages after having relied on it.

Error is predicated upon the exclusion of certain evidence, but, in consideration of the question of whether there was anything entitling the appellants to succeed, this excluded evidence has been considered as though it had been admitted.

The testimony in this case, on behalf of the appellants, falling so far short of that degree of clearness and conviction which is necessary in this class of actions in order for a plaintiff to recover, the trial court was amply justified in holding that there was not sufficient evidence to warrant a verdict in favor of the appellants, and his judgment against them is affirmed.

TOLMAN, C. J., MITCHELL, ASKREN, and PARKER, JJ., concur.