[No. 21878. Department One. November 19, 1929.]

R. F. WILLIAMS, *Respondent*, v. MODERN FOOD STORES, INCORPORATED, *et al.*, *Appellants*.[1]

[1]Reported in 282 Pac. 203.

*Roberts, Skeel & Holman* and *Glenn E. Wilson,* for appellants.

*James T. Lawler,* for respondent.

TOLMAN, J.—This is an action for rescission based upon fraud and false representations. On his first cause of action, the plaintiff recovered a judgment against both defendants, and on his second cause of action, he recovered against Modern Food Stores, Inc., only. Both defendants have appealed from the final judgment.

The action was tried to the court sitting without a jury, and, probably because the complaint was so framed as to invoke the equitable doctrine of rescission, the court made no formal findings of fact. The trial judge did, however, quite fully express his views of the facts in rendering his decision, so that we are as well informed as to the facts found as though formal findings had been made. The chief question involved here is whether the evidence preponderates against the findings of the trial court, and, after giving studious attention to all of the evidence, we are clearly of an opinion that a negative answer must be given to that question.

To understand the further questions raised, a brief outline of the facts must be given. The Modern Food Stores, Inc., was organized for the purpose of establishing a chain of stores dealing in groceries and food products, all to be supplied from a central store. Appellant Niels Hansen was the president of Modern Food Stores, Inc., and, with the exception of $500, furnished all of the capital with which it began busi-

ness. Hansen owned the building in which the main store was located; and, he being engaged in the manufacture and sale of fixtures through another corporation, of which he appears to have been the managing officer, it was part of the plan that Hansen, or his manufacturing company, should supply the store fixtures, not only for the main store, but for all branch stores as they might be opened, upon conditional sales contract. Thus Hansen stood to profit both directly and indirectly from the operations of the Modern Food Stores, Inc.

Appellant Hansen did not take an active part in the management of the Modern Food Stores, Inc., but devoted his time exclusively to his fixture business. One Keuhl was employed as general manager of the Modern Food Stores, Inc., and he devoted himself to that enterprise without interference and apparently without much oversight from Hansen. A plan was devised by which preferred stock of the Modern Food Stores, Inc., should be sold in blocks of seven and a half shares at $100 a share, or a total of $750, to such persons as might be induced to make the investment and become managers of the company's branch stores. In pursuance of this plan, respondent Williams paid $750 for seven and a half shares of such preferred stock, and was employed on the basis of $22 per week salary and a share in the profits of the particular store he was to manage, and he ran such a branch store for some months, receiving his merchandise from the central store, turning in to that store his receipts, and depending upon Mr. Keuhl, as the general manager at the main store, to pay the bills and expenses, the salary as provided for and keep a correct record so that the share of the profits coming to respondent could be determined.

The second cause of action is based upon a like con-

tract between the Modern Food Stores, Inc., and one, Verrill, who assigned his claim to the plaintiff before the action was commenced. It appears that respondent first learned of the Modern Food Stores, Inc., and of the nature of its enterprise from appellant Hansen, and the evidence establishes, to the satisfaction of the trial court and to this court, that appellant Hansen, after giving to respondent a general idea of the business carried on and to be carried on by the Modern Food Stores, Inc., directed him to go to Mr. Keuhl for further information and assured him that any information given to him by Mr. Keuhl could be absolutely relied upon. The false representations found by the trial court to have been made and to have been relied upon by the respondent were made by Keuhl, but they were all material, they all related to the business of the Modern Food Stores and involved matters of which he, as general manager of that concern, should know the truth.

Appellant makes the contention that the representations made by Keuhl were not such as to be within his implied authority, citing *Bowles Co. v. Clark,* 59 Wash. 336, 109 Pac. 812, 31 L. R. A. (N. S.) 613, and other authorities. We do not question any of these authorities, but we hold that they are inapplicable to the facts disclosed here. Appellant Hansen was the chief financial backer of Modern Food Stores, Inc., the one person who would most profit financially from its success, and, in addition, by reason of its furnishing a market for the fixtures manufactured by another corporation controlled by Hansen, he stood also to profit in that respect. When he placed Keuhl in charge of the Modern Food Stores as general manager, he thereby authorized him to do and perform all acts connected with that business, and put him in a position where, as to the public, he had apparent authority of

the widest scope. Having placed Keuhl in full charge of the business, and having assured respondent that anything Keuhl told him about the business could be relied upon, appellant Hansen is as much bound by any representations made by Keuhl as though they had been made by himself.

■ Again appellant Hansen seems to contend that Keuhl was not his personal agent in any degree, or at all, and that he, Hansen, in sending respondent to Keuhl for information was acting not in his individual capacity, but solely as president of the Modern Food Stores, Inc., and that as an officer of the corporation he is subject to only such liabilities as the statute imposes, relying upon the case of *Northern Cod Fish Co. v. Stiberg,* 96 Wash. 126, 164 Pac. 750. Again, we think the law inapplicable to the facts. There was ample in the evidence to show that Hansen acted in his individual capacity and for his personal advantage in endeavoring to interest the respondent and in sending him to Keuhl and guaranteeing Keuhl's representations.

■ And, finally, it is urged that respondent, as to the first cause of action, and his assignor, as to the second cause of action, had full opportunity to, and did, make an extensive investigation of the affairs of the Modern Food Stores, Inc., had full opportunity to learn the truth and cannot now be heard to say that they relied upon the representations made by Keuhl. We think, however, that the representations made by Keuhl were of matters peculiarly within his knowledge as general manager of Modern Food Stores, Inc., the truth or falsity of which was not readily ascertainable, and that respondent had neither opportunity nor capacity to investigate and learn the truth. The conditions were clearly such as to justify respondent in relying upon Keuhl's representations under a long

line of decisions of this court. *Mulholland v. Washington Match Co.*, 35 Wash. 315, 77 Pac. 497; *Daniel v. Glidden*, 38 Wash. 556, 80 Pac. 811; *Gilluly v. Hosford*, 45 Wash. 594, 88 Pac. 1027; *Wooddy v. Benton Water Co.*, 54 Wash. 124, 102 Pac. 1054, 132 Am. St. 1102; *Best v. Offield*, 59 Wash. 466, 110 Pac. 17, 30 L. R. A. (N. S.) 55; *McGowan Co. v. Carlson*, 79 Wash. 92, 139 Pac. 869; *Duffy v. Blake*, 80 Wash. 643, 141 Pac. 1149; *Gates v. Gregory*, 91 Wash. 151, 157 Pac. 470.

Finding no error, the judgment is affirmed.

MITCHELL, C. J., PARKER, BEALS, and MILLARD, JJ., concur.