[No. 22319. Department Two. August 15, 1930.]

PACIFIC FRUIT AND PRODUCE COMPANY, *Respondent,* v. MODERN FOOD STORES, INCORPORATED, *et al.,* *Appellants,* H. A. KUEHL, *Defendant.*[1]

[1]Reported in 290 Pac. 859.

*Roberts, Skeel & Holman,* and *Glen E. Wilson,* for appellants.

*Patterson & Patterson,* for respondent.

FRENCH, J.—The appellant corporation was, on and prior to December, 1927, operating a number of stores dealing in food products, all of which were furnished from a central store. Appellant Hansen was the president of the company, and with the exception of five hundred dollars, furnished the capital stock with which it began business. The general outline of the operations of these stores and the parties connected therewith, in so far as material to this action, is contained in the case of *Williams v. Modern Food Stores, Incorporated,* 154 Wash. 358, 282 Pac. 203.

Respondent for some time had sold goods to the appellant corporation, and the business transactions seem to have been satisfactory until the spring of 1928, when the appellant corporation became delinquent in its payments. Thereafter certain goods were furnished by respondent corporation on credit. At the time of the furnishing of these goods, the appellant Modern Food Stores, Inc. was a going concern. It thereafter was declared insolvent, made an assignment of its assets to the Seattle Merchants Association, and after liquidation there was still due the respondent the sum of $980.36, and this action was commenced to recover the balance due. The theory on which recovery was sought was that appellant Niels Hansen and the defendant Kuehl had issued a false and fraudulent statement of the financial condition of the Modern Food Stores Inc., and that, relying on this false and fraudulent statement, the respondent had extended credit. Recovery was allowed against the appellant corporation for the full amount of the unpaid portion of the bill, to wit: $980.36, and against the individual defendant Kuehl

and the appellant Hansen in the sum of $479.32, representing the unpaid balance of the amount of merchandise which the trial court found had been sold to appellant Modern Food Stores, Inc., on the strength of the alleged fraudulent statement. The statement was as follows:

"MODERN FOOD STORES, INC., RET
   "SEATTLE, WASH., KING COUNTY
   "Store No. 1 555 Aloha Street
   "Store No. 2 201 Minor Ave. No.
   "Store No. 3 4 West Roy St.
"Niels Hansen, Pres.
"Loyal A. Partridge, Secty.
"H. A. Kuehl, Treas. and Mgr.
"DIRECTORS: The officers.
 "COND. 221-174-11500    Dec. 21, 1927.

     "RECORD
"This is a Washington corporation chartered in Nov. 1926, with an authorized capital stock of 50,000 shares of no par value. On Sept. 16, 1927, the capital stock was reduced to $10,000.

"Niels Hansen is of Swedish descent, about 50 years of age, married, and has resided in Seattle for a number of years. He is president and general manager of the Niels Hansen Manufacturing Co., this city, a Washington corporation, capitalized at $35,000, fully paid in. He devotes all of his time to that business and is not active in subject corporation.

"Loyal A. Partridge is married, about 50 years of age, an American, and has resided in Seattle for many years. He formerly conducted a dental supply business on his own account, but at the present time is general manager of the Niels Hansen Manufacturing Company.

"H. A. Kuehl is single, about 46 years of age, an American and formerly operated in the grocery business in this city. For the past few years, however, he has been located in Northern British Columbia, in the mining business, and just recently returned to this point. He will have active management of the business

and will devote his entire time to the company's affairs.

"The company formerly operated one store only at 555 Aloha St., but during the past year has opened stores at the other addresses given above, and at the present time is making arrangements to open a store No. 4, at 223 1st Ave. No.

"STATEMENTS

| DATE | ASSETS | LIABILITIES | NET WORTH |
|------|--------|-------------|-----------|
| "Nov. 1926 | $15,240 | $6,740 | $8,500 |

"When call was made on this date, H. A. Kuehl submitted the following estimated statement of the company's affairs:

ASSETS.

| | |
|---|---|
| "Merchandise on hand .................. | $7,000 |
| "Cash in bank ........................ | 1,175 |
| "Machinery and equipment ............. | 12,500 |
| | $20,675 |

LIABILITIES.

| | |
|---|---|
| "For Mdse. not due.................... | 1,200 |
| "Owe on purchase price (Cond. Sales).... | 2,810 |
| "Capital Stock issued ................. | 10,500 |
| "Surplus ............................. | 6,165 |
| | $20,675" |

It does not seem to be seriously disputed that the above financial statement is incorrect in most particulars, and that it grossly exaggerates the net financial worth. The trial court found that the above financial statement was made for the purpose of securing a line of credit; that it was made by and with the knowledge and consent of all of the defendants; and while it is true that appellant Hansen was not actively participating in the management of the stores, yet he was the president of the appellant corporation, owned practically all of the stock; and a reading of the statement of facts discloses, and the trial court found, that, while Kuehl was the manager of the business, the appellant

Hansen was consulted relative to making a financial statement.

We think the record also fairly discloses that Mr. Hansen thoroughly understood the necessity of making a good showing on this so-called financial statement, and that there was a tentative agreement on his part that certain conditional sales contracts for store fixtures which he had manufactured, sold to, and installed for the Modern Food Stores, Inc., should be released so as to make smaller the second item of the statement of liabilities contained in the above statement, which reads: "Owe on purchase price (cond. sale) $2,810;" whereas, in truth and in fact the amount owed to Mr. Hansen on conditional sales contracts was many thousands of dollars in excess of the amount therein stated.

The law relating to the liability of an officer or stockholder of a corporation for false representations regarding the financial condition of the corporation is well stated by this court in *Barnard Manufacturing Co. v. Ralston Milling Co.,* 71 Wash. 659, 129 Pac. 389, wherein this court said:

"A stockholder or officer of a corporation is no more immune for his false representations which result in a loss to one who relied upon the representations than any other individual. In other words, the rules of common honesty and common sense apply alike to all persons, without regard to the capacity in which they act. If the charges are true, the appellant has suffered a loss because it relied upon the respondents' representations as to material facts, which representations were false and known to be false when made. This view is elementary and would seem to require no sustaining authority. In *Schley v. Dixon,* 24 Ga., 273, 71 Am. Dec. 121, it was held that it was a legal fraud for trustees of a corporation to make false official reports which prejudiced the rights of the creditors of the corporation. See, also, *Hequembourg v. Edwards,* 155

Mo. 514, 56 S. W., 490; *Burns v. Beck,* 83 Ga. 471, 10 S. E. 121.''

Appellant also raises the question that the credit was extended by respondent on the strength of the entire written statement and cite *Cohn v. Broad-head,* 51 Neb. 834, 71 N. W. 747, as holding that, where a statement made by a mercantile agency such as was made in this case contains not only positive statements of fact made by the person sought to be held liable, but also in addition to the statement of fact contains estimates made and opinions given by the mercantile agency itself, and the credit is extended on the basis of the entire statement and not solely on the fraudulent item contained therein, no recovery may be had. Conceding this to be the law, yet, in the instant case, respondent's credit manager testified and the trial court found that the credit was given and extended on the strength of that portion of the financial statement showing appellant's net worth, and it was this portion of the statement which was admittedly false.

The questions involved on this appeal depend entirely upon the facts to be determined from the record. The law, we think, is well settled that if we accept the facts as found by the trial court the liability of appellants is fixed. From a careful reading of the record we cannot say that the evidence preponderates against the facts found by the trial court. The judgment must, therefore, be affirmed.

MITCHELL, C. J., FULLERTON, and MAIN, JJ., concur.