[No. 23463. Department One. February 11, 1932.]

E. A. DALEN, *Respondent,* v. NIELS HANSEN, *Appellant,* HENRY A. KUEHL, *Defendant.*[1]

*Oscar A. Zabel,* for appellant.
*James T. Lawler,* for respondent.

[1]Reported in 8 P. (2d) 416.

BEELER, J.—This is an action based upon fraud. The plaintiff in his complaint alleged that he was induced to purchase some of the preferred corporate stock of the Modern Food Stores, Inc., a domestic corporation, by reason of false and fraudulent representations made by the defendants Hansen and Kuehl, for which he paid the sum of eight hundred dollars. The defendant Kuehl defaulted in the action, although he testified on behalf of the defendant Hansen. The cause was tried to the court, sitting without a jury, and resulted in a judgment for the plaintiff and against both defendants for the full amount sued for. The defendant Hansen has appealed.

The single question for our determination is whether the evidence preponderates against the findings of the trial court. It appears that the Modern Food Stores, Inc., was organized in 1926, and started to establish a chain of grocery stores; that the company was reorganized in September, 1927; that the appellant, Hansen, was president and a director of the company, and, with the exception of five hundred dollars, furnished all of the capital stock with which it began business, and that Kuehl was its general manager; that Hansen was also the managing officer and the chief stockholder of the Niels Hansen Manufacturing Company, which was engaged in manufacturing and furnishing fixtures for the central or main store and such additional grocery stores as were opened and established from time to time. A general outline of the operations of these stores is detailed in the case of *Williams v. Modern Food Stores, Inc.*, 154 Wash. 358, 282 Pac. 203.

The court found that, during December, 1927, the respondent, in response to an advertisement of the Niels Hansen Manufacturing Company for managers for its chain stores, interviewed the appellant, who

represented that the Modern Food Stores, Inc., was a going concern, and that it owned a central or main store at 555 Aloha street, Seattle, from which the chain stores were supplied with groceries and food products; that Hansen directed the respondent to the central store on Aloha street for the purpose of interviewing the general manager, Kuehl; that Kuehl represented that the Modern Food Stores, Inc., owned its central store, a rather pretentious building, estimated to be worth $56,000; that the company bought its merchandise in carload lots and paid cash for all purchases made; that it had practically no debts; that all of the merchandise in the central store was paid for; that the preferred stock of the company was worth one hundred dollars a share; that the plan of operation was to have each manager invest in, or purchase corporate stock of, the Modern Food Stores, Inc., in an amount of at least one thousand dollars, and who would then be assigned to a store as manager, and would receive a salary of twenty-two dollars per week and share in the net profits on a fifty-fifty basis.

The court further found that the Modern Food Stores, Inc., *did not own the central store;* that its corporate stock was *not worth one hundred dollars a share,* but in fact was wholly valueless; that the company did *not purchase its merchandise in carload lots* and did *not pay cash therefor,* except possibly in a few instances; that, at the time the respondent purchased the corporate stock, the company was indebted to the extent of several thousand dollars—in fact the company was insolvent—which fact was known to both the defendants.

From a careful reading of the record, we are of the opinion that the evidence supports the findings and that the judgment of the trial court was right. We have repeatedly held, in cases of this character,

that we will not disturb the findings of the trial judge unless it is made clearly to appear that the evidence preponderates against such findings. The trial judge had the witnesses before him. He observed their demeanor and appearance on the witness stand and was in a better position to judge of their credibility than we are.

While no useful purpose would be served to set forth the evidence in detail, we do wish to say that, on December 21, 1927, at the time the respondent agreed to purchase his stock, and at which time he made an initial payment thereon, the Modern Food Stores, Inc., was hopelessly insolvent, being then indebted to the Niels Hansen Manufacturing Company in the sum of $6,891.95, and to Kuehl for salary in the sum of $1,540. Both Hansen and Kuehl studiously and designedly withheld this information from the respondent.

The respondent had no opportunity to discover the true financial condition of the Modern Food Stores, Inc., until July, 1928, at which time the corporation made an assignment for the benefit of its creditors. What was so aptly said in the *Williams* case, *supra,* on this phase of the controversy, applies with equal force here:

"We think, however, that the representations made by Kuehl were of matters peculiarly within his knowledge as general manager of Modern Food Stores, Inc., the truth or falsity of which was not readily ascertainable, and that respondent had neither opportunity nor capacity to investigate and learn the truth. The conditions were clearly such as to justify respondent in relying upon Kuehl's representations under a long line of decisions of this court [citing cases]."

The facts further show that, from December 21, 1927, to July, 1928, on which latter date the corporation made an assignment for the benefit of its creditors, Hansen and Kuehl opened and established several ad-

ditional stores, possibly eight or nine in number, and procured a manager for each store and sold him corporate stock. It is quite clear that the money derived from this source, if not wholly, at least to a considerable extent, was instrumental in keeping the business going.

But the appellant contends that the statements and representations made by him and by Kuehl were promissory in their nature, and hence fraud cannot be predicated thereon, and cites *Hanlon v. Nelson,* 140 Wash. 123, 248 Pac. 59, and *Rankin v. Burnham,* 150 Wash. 615, 274 Pac. 98. These authorities have no application to the facts in this case. The false and fraudulent representations made by Hansen and Kuehl related to supposed existing facts. They represented that the company owned the main or central store on Aloha street; that the company had practically no indebtedness; and that the stock was worth one hundred dollars per share. It was upon these and similar representations that the respondent was induced to purchase the stock. Clearly, these were not promissory statements, but statements relating to supposed existing facts.

Judgment affirmed.

TOLMAN, C. J., PARKER, MITCHELL, and HERMAN, JJ., concur.