JOHN H. DAWE *vs.* CHARLES W. MORRIS.

Suffolk. March 7, 1889. — May 10, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Action for Deceit — Declaration — Demurrer — Representation.*

A declaration in a count in tort for deceit alleged that the defendant, in order to induce the plaintiff to make a contract with a railroad company to build a section of its road, falsely represented that he and another had bought enough rails at a certain price to build it, and that, if the plaintiff would enter into such a contract, they would sell to him at the same price the rails already pur-

chased by them; that the plaintiff, believing such representations to be true, and relying thereon, was thereby induced to enter into a contract with the company for the construction of the section of road, and entered upon its performance; that the defendant and such other had not then purchased the rails, or any part of them, as the defendant then knew, and therefore did not sell, and did not intend to sell, rails so purchased to the plaintiff; that the plaintiff, under his contract, which he was induced to enter into by reason of the false and fraudulent representations of the defendant, was obliged to purchase the requisite number of rails, and to pay a large price for them; and that by reason of the failure of the defendant to furnish the rails the plaintiff was greatly damaged before he discovered that the defendant had not purchased the rails. *Held*, on demurrer, that the declaration did not set forth a good cause of action.

TORT. The first count of the declaration was as follows: "And the plaintiff says that the defendant, in order to induce the plaintiff to make a contract with the Florida Midland Railway Company for the building of about thirty miles of the Florida Midland Railway in Florida, falsely represented that he, said Morris, and one Page had purchased certain rails sufficient to build a certain number of miles of railroad, to wit, thirty miles, at a certain sum per ton, to wit, the sum of eighteen dollars less freight to New York, and that, if said plaintiff would make a contract with said company for building said part of said railway, they, said defendant and said Page, would sell those said rails already purchased by them to the plaintiff at said price per ton; and the plaintiff, believing said representations were true, was thereby induced to enter into a contract, and did enter into a contract with said company for the construction of about thirty miles of said railroad, and entered upon the performance of said contract with said railway company; and said Page and said defendant had not then purchased said rails, or any part of them, which the defendant then knew, and therefore did not sell, and did not intend to sell, said rails already purchased by them to the plaintiff; and by reason of the said contract made by the plaintiff with said railway company, which said contract said plaintiff was induced to enter into by reason of the false and fraudulent representations of the defendant as aforesaid, said plaintiff was obliged to purchase, and did purchase, a large number of rails, to wit, rails sufficient to build about twenty-two miles of railroad, and to pay, and did pay, therefor a large sum, to wit, the sum of forty dollars per ton, and was also by reason thereof obliged to purchase, and did purchase, a large

number of rails, to wit, rails sufficient to build about eight miles of railroad, and to pay therefor, and did pay therefor, a large sum, to wit, the sum of twenty-four dollars per ton ; that said plaintiff, relying upon the representations of the defendant as aforesaid, had entered upon the performance of his said contract with said railway company, and that by the reason of the failure of said defendant to furnish said rails, said plaintiff was greatly damaged before he discovered that said defendant had not purchased said rails."

The second count of the declaration alleged that the defendant had "converted to his own use a number of bonds, to wit, thirty-three, of the Florida Midland Railway Company, of the par value of one thousand dollars each, the said bonds being the property of the plaintiff."

The defendant demurred to the first count, on the ground that the declaration did not set forth a legal cause of action.

The Superior Court sustained the demurrer, and ordered judgment for the defendant; and the plaintiff appealed to this court.

*F. A. Wyman & A. A. Wyman*, for the plaintiff.

*J. B. Warner*, (*H. E. Warner* with him,) for the defendant.

DEVENS, J.    The alleged misrepresentations of the defendant, by which the plaintiff avers that he was induced to enter into a contract for building thirty miles of the Florida Midland Railway, are that the defendant had purchased a certain quantity of rails at a certain price, and that he would sell those rails to the plaintiff at the same price if he would make such contract.    The plaintiff's declaration alleges that the defendant had not then purchased the rails, and did not sell, and did not intend to sell, any rails so purchased to the plaintiff; and that by reason of the contract into which the plaintiff was induced to enter, he was obliged to purchase a large number of rails at a much higher price than that named by the defendant, to his great injury.    If the formalities required by law in order that contracts for the sale and delivery of goods of the value here in question had been complied with, that these facts would constitute a contract upon a valuable consideration, will not be questioned.    The plaintiff does not seek to recover upon this contract, but in an action of tort in the nature of deceit, because he was induced to enter into

the contract with the Florida Railway Company by reason of the representations above set forth.

A representation, in order that, if material and false, it may form the ground of an action where one has been induced to act by reason thereof, should be one of some existing fact. A statement promissory in its character that one will thereafter sell goods at a particular price or time, will pay money, or do any similar thing, or any assurance as to what shall thereafter be done, or as to any further event, is not properly a representation, but a contract, for the violation of which a remedy is to be sought by action thereon. The statement by the defendant that he would thereafter sell rails at a particular price if the plaintiff would contract with the railway company was a promise, the breach of which has occasioned the injury to the plaintiff. *Knowlton* v. *Keenan*, 146 Mass. 86.

The plaintiff contends that, even if this is so, the representation that the defendant had thus purchased the rails at the price named was material and false; but if the allegation that the defendant had purchased the rails be separated from that of the promise to sell them to the plaintiff, it is seen at once to be quite unimportant and immaterial. Had the defendant actually sold, or had he been ready to sell, the rails at the time and price he promised that he would, no action could have been maintained by reason of any false representation that he had purchased them when he made his promise, and no possible injury could thereby have resulted to the plaintiff.

It is urged that, independent of any promise to sell to him, if the plaintiff had believed that the defendant had purchased rails at the price at which he said he had purchased them, the plaintiff might thus have been induced to believe that he himself could thereafter purchase them at the same price. But the injury from a false representation must be direct, and the probability or possibility that, because the defendant had purchased at a particular price, the plaintiff would be able, or might believe himself to be able, to do so also, is too remote to afford any ground for action.

It must be shown, not only that the defendant has committed a tort and that the plaintiff has sustained damage, but that the damage is the clear and necessary consequence of the tort, and

such as can be clearly defined and ascertained. *Lamb* v. *Stone,* 11 Pick. 527. *Bradley* v. *Fuller,* 118 Mass. 239. Quite a different case would be presented if the defendant had falsely represented to the plaintiff, if unskilled in the price of rails, what their market value then was, and what was the price at which they could then be purchased.

It is also said, that if the plaintiff believed that the defendant had actually purchased the rails, at the time of the transaction, and that if he knew that the completion of the railroad was of vital importance to the interests of the defendant, he would more readily have confided in the defendant's promise to sell them, and thus that this representation was material. But in order that a false representation may form the foundation of an action of deceit, it must be as to some subject material to the contract itself. If it merely affect the probability that it will be kept, it is collateral to it. " Representations as to matters which are merely collateral, and do not constitute essential elements of the contract into which the plaintiff is induced to enter, are not sufficient." *Hedden* v. *Griffin,* 136 Mass. 229.

Whether the allegation as to the purchase of the rails by the defendant was material was a question for the court, which was to construe the contract, and determine its legal effect on the duties and liabilities of the parties. It was for it to determine (there being on the declaration of the plaintiff no dispute as to the facts) whether the alleged misrepresentations were material, and such as would invalidate the contract or form the foundation of an action of tort. *Penn Ins. Co.* v. *Crane,* 134 Mass. 56.

The plaintiff further contends that, as when goods have been obtained under the form of a purchase with the intent not to pay for them, the seller may, on discovery of this, rescind the contract and repossess himself of the goods as against the purchaser or any one obtaining the goods from him with notice or without consideration, an action of tort should be maintained on an unfulfilled promise which, at the time of making, the promisor intended not to perform, by reason of which non-performance the plaintiff has suffered injury in having been induced to enter into a contract which depended for its successful and profitable performance upon the performance by the defendant of his promise.

Assuming that the plaintiff's declaration enables him to raise this question, which may be doubted, as the averment that "said defendant had not then purchased said rails, or any part of them, which the defendant then knew, and therefore did not sell, and did not intend to sell, said rails already purchased by them to the plaintiff," is not an averment that the defendant intended not to perform his contract, there is an obvious difference between the case where a contract is rescinded, and thus ceases to exist, and one in which the injury results from the non-performance of that which it is the duty of the defendant to perform, and where there is no other wrong than such non-performance. To term this a tort would be to confound a cause of action in contract with one in tort, and would violate the policy of the statute of frauds by relieving a party from the necessity of observing those statutory formalities which are necessary to the validity of certain executory contracts.

It was not disputed that the plaintiff's declaration sets forth in the second count a good cause of action. The result is, that as to the first count the entry must be,

*Judgment for the defendant affirmed.*