KENNETH H. OTTE, Appellant, v. THOMAS E. JAMES et al., Appellees.

**DAMAGES:** Speculative Damages—Unsupported Opinions. Damages in the purchase of corporate stock under alleged false representations as to its earning power may not be predicated on the un-

supported-by-fact opinion of a witness that, had the stock had the earning power represented, it would have been worth double its par value.

**Headnote 1:** 27 C. J. p. 59.

*Appeal from Fremont District Court.*—EARL PETERS, Judge.

DECEMBER 15, 1925.

ACTION for damages for fraudulent representations made in the sale of stock in the Consolidated Land, Cattle & Loan Company. Directed verdict for defendants, and plaintiff appeals.— *Affirmed.*

*Tinley, Mitchell, Ross & Mitchell,* for appellant.

*Ferguson, Barnes & Ferguson* and *H. S. Stephens,* for appellees.

MORLING, J.—The plaintiff did not rescind his contract for the purchase of the stock. He sues at law for damages for fraud in inducing him to make the purchase. To entitle him to go to the jury, he was required to prove damage. He paid $75 a share for his stock. His witnesses testified that in their opinion the stock was worth that. The only effort to prove damage was in relation to the alleged representation that defendant "thought it [the stock] would pay 20 to 30 per cent the first year; that he had investigated it, and that he knew this proposition was all right;" and that "if this wasn't good, there wasn't anything good."

The plaintiff attempted to show, by witnesses stated to have had great experience, that the stock, at the time of the sale, if it had borne 20 to 25 or 30 per cent dividends, would have been worth par plus 100 per cent. The offered evidence was excluded. The case, so far as damages are concerned, rests upon this offer. We are committed to the rule that the measure of damages for fraud in the sale of property is the difference between the market value of the property as it actually was at the time of the sale and its market value as it would have been if it had been as represented. *Stoke v. Converse,* 153 Iowa 274; *Gray v. San-*

*born,* 178 Iowa 456. No data or facts of any sort upon which the witnesses were expected to base their opinion, or which the defendant could meet by proof, were shown. For instance, the plaintiff did not offer any evidence of the assets, liabilities, or worth of the corporation. Nothing was shown concerning the nature of the business to be transacted, the field of operations, prospects, or ability of its officers. It was proposed to let the witnesses wander off into pure guess, conjecture, speculation, and imagination. Triers of fact, upon such testimony, would have nothing upon which to base an intelligent estimate of damages. The offer was properly refused. *Findlater v. Dorland,* 152 Mich. 301 (116 N. W. 410); *Smith v. Packard & Co.,* 152 Iowa 1; *Weymer v. Belle Plaine Broom Co.,* 151 Iowa 541; *Dawe v. Morris,* 149 Mass. 188 (21 N. E. 313); *Whitman v. Seaboard A. L. R.,* 107 S. C. 198 (92 S. E. 861). No damages were shown, and it is unnecessary to consider the question whether the misrepresentations, if they were such, would have been actionable under any circumstances.

The judgment is—*Affirmed.*

FAVILLE, C. J., and EVANS and ALBERT, JJ., concur.