[No. 21567. Department Two. February 5, 1929.]

J. H. RANKIN, *Appellant*, v. C. A. BURNHAM *et al.,* *Respondents.*[1]

*Alexander Mackel,* for appellant.

*Dysart & Ellsbury* and *Lloyd B. Dysart,* for respondents.

[1]Reported in 274 Pac. 98.

MILLARD, J.—This action was instituted to recover damages claimed to have been suffered by the plaintiff resulting from false and fraudulent representations made to him by the defendants. The appeal is from the judgment of dismissal, rendered upon the plaintiff's refusal to plead further after a demurrer had been sustained to his complaint.

The complaint, the allegations of fact therein being admitted by the demurrer to be true, discloses that the respondents, a marital community, owned a two-story brick building in Centralia, the second floor of which was leased by the respondents to the appellant for hotel purposes, April 1, 1926, for a two-year period expiring March 31, 1928, at a monthly rental of seventy-five dollars. There was no agreement, oral or written, for renewal of the lease upon expiration of the two-year term.

The F. W. Woolworth Company conducted a mercantile business on the first floor of the same building, having rented from respondents all of the premises except the second floor. A short time subsequent to the leasing of the second floor to appellant, the Woolworth Company offered two thousand dollars to appellant for his hotel, furniture and the unexpired term of his lease. Appellant countered with an offer to sell for four thousand dollars. Appellant informed respondents of his negotiations with the Woolworth Company, and in reply to his inquiry whether the entire building would be leased to that company upon the expiration of appellant's lease of the second floor, March 31, 1928, respondents advised appellant not to sell to the Woolworth Company for less than four thousand dollars, promising they would not lease all of the building to the company unless it paid appellant the price he demanded for his furniture and lease.

On March 24, 1927, respondents leased to the Wool-

worth Company all of the building for the term April 1, 1928, to May 1, 1945, at an annual rental of thirty-nine hundred dollars. Appellant did not learn, until December 8, 1927, that the lease had been executed, although the same was duly and regularly recorded. Relying, until December 8, 1927, upon the promise of the respondents, the appellant failed to sell his business and property, which he alleges are now valueless as a result of the fraudulent representations of respondents.

The question is, as we view the facts, Is fraud predicable upon the respondents' breach of their gratuitous promise to the appellant not to lease to the Woolworth Company both floors of respondents' building, upon the expiration of appellant's lease, unless appellant succeeded in obtaining from the company a certain price for his furniture and unexpired lease of the second floor?

Respondents' promise not to lease all of their building until appellant had sold his property to a third person for four thousand dollars, imposed no liability upon the appellant, the promisee, therefore was not binding upon the respondents, the promisors. It was nothing more or less than a gratuitous promise. Respondents may in good faith have asserted their intention to so aid their lessee. Their change of mind, their failure to keep the offer open, does not amount to a fraud. True, the failure of performance of a promise may be without excuse or justification in morals, yet not cognizable as a fraud in law. This statement of intention merely cannot be construed as a fraudulent representation. At most it is only an assertion of a present mental condition. The general rule relating to promises and assertions of intention is stated in 12 R. C. L., p. 254, § 21, as follows:

"The general rule is that fraud can not be predicated upon statements promissory in their nature and relating to future actions, nor upon the mere failure to perform a promise, or an agreement to do something at a future time, or to make good subsequent conditions which have been assured. Nor, it is held, is such non-performance alone even evidence of fraud. Reasons given for this rule are that a mere promise to perform an act in the future is not, in a legal sense, a representation, and a failure to perform it does not change its character. Moreover, a representation that something will be done in the future, or a promise to do it, from its nature cannot be true or false at the time when it is made. The failure to make it good is merely a breach of contract, which must be enforced by an action on the contract, if at all. And as in the case of promises, it is generally held that mere assertions of intention, or declarations of future purpose, do not amount to fraud."

We held, in the case of *Kritzer v. Moffat*, 136 Wash. 410, 240 Pac. 355, that a promissory statement can be the basis of an action for deceit. The facts are clearly within the exception to the general rule relating to promises, and distinguish that case from the one before us. Defendant Moffat, the mortgagee, foreclosed a mortgage on plaintiff's property. After the sale of the land under the decree of foreclosure, and prior to the time the right of redemption therefrom had expired, the plaintiff, Kritzer, who was the mortgagor, a widow, arranged with a local bank for a loan sufficient to effect a redemption. She was assured by the purchaser, Moffat (the mortgagee), that she need pay only the interest on the indebtedness and the taxes; that the foreclosure proceedings had been stopped, and that the mortgagee would wait until the mortgagor's youngest child was of age for payment of the principal sum, at which time the administration on the estate of her deceased husband could be closed

and all of the matters settled. The plaintiff mortgagor paid to the defendant mortgagee the interest on the loan, and reimbursed him for taxes he had paid. Disregarding his promise, the mortgagee obtained a deed to the property when the time for redemption had expired, and sold the property to an innocent purchaser. We held that the action was one founded on fraud and deceit and not a breach of contract.

In harmony with the view that a promise to do an act in the future may or may not be a contract for the breach of which damages may be recovered, but that mere nonperformance is not fraud, is the case of *Dawe v. Morris,* 149 Mass. 188, 21 N. E. 313, 14 Am. St. 404, 4 L. R. A. 158. In that case the defendant promised the plaintiff that, if he would contract with a certain railway company for the building of thirty miles of railroad, he, the defendant, who then owned a quantity of rails, would sell the rails to the plaintiff at a certain price. The defendant at the time did not own the rails, and he did not later sell any rails to the plaintiff. The plaintiff was obliged to purchase the rails elsewhere at a higher price.

An action for fraud in the nature of deceit was instituted by the plaintiff, who alleged that he was induced to enter into the contract with the railway company by reason of the representations of the defendant. Upon appeal from an order sustaining a demurrer to the complaint, it was held, in effect, that the statement, promissory in character, that one will thereafter sell goods at a particular price or time, or do any similar thing, or any assurance as to what shall thereafter be done, is not properly a representation; that, if anything, it was a contract for the violation of which the remedy was by an action upon the contract.

Although there may be cases in which fraud may be predicated upon failure to do some future act, we are

clear that there is no legal ground to sustain an action such as the one now before us. The facts do not make such a case against respondents as to justify a recovery against them on the ground of fraud and deceit. To hold otherwise would be to change the simple promise of respondents into a fraud. The judgment is therefore affirmed.

PARKER, MAIN, FRENCH, and BEALS, JJ., concur.