### FOLMER GRAFLEX CORPORATION v. GRAPHIC PHOTO SERVICE et al.
### Civil Action No. 972.

District Court, D. Massachusetts.

Oct. 9, 1941.

See, also, 35 F.Supp. 963.

I. U. Townsend, Jr. (Emery, Booth, Townsend, Miller & Weidner), of Boston, Mass., for plaintiff.

Worth Rowley, of Boston, Mass., for defendants.

SWEENEY, District Judge.

There are before me two motions: (1) To strike the fourth defense set up in the defendants' answer as immaterial, impertinent, or scandalous, and (2) a motion to strike the action from the jury list. The second motion raises the question of the defendants' right to a trial by jury.

The action involves an alleged infringement of the plaintiff's trade-mark, and seeks an injunction against the defendants and an accounting of their profits. This action is in the nature of an old action in equity, and, as such, is triable before a court without a jury. See National Labor Relations Board v. Jones & Laughlin Steel Corp., 301 U.S. 1, 48, 57 S.Ct. 615, 81 L.Ed. 893, 108 A.L.R. 1352, where the court stated that the right to a trial by jury has no application to cases where a recovery of money damages is an incident to equitable relief even though damages might have been recovered in an action at law, and cases cited there.

The defendants' fourth defense allegedly raises a matter that is triable before a jury, and it is on this basis that the defendants have filed a claim for jury trial. That defense, set out in full, is as follows:

"The defendants say the plaintiff is in combination in the form of trust or otherwise in restraint of trade or commerce among the several States in reference to the manufacture and sale of cameras and photographic equipment and accessories in violation of the Federal anti-trust statutes, 15 U.S.C.A. § 1 et seq. Wherefore the defendants say the plaintiff is guilty of unclean hands, and that its action should be hence dismissed."

It is well established that the violation of the Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note, cannot be set up as a defense in a suit for infringement of copyright, trade-mark, or otherwise collaterally in a suit. Vitagraph, Inc., v. Grobaski, D.C., 46 F.2d 813, and cases there cited. But, if the illegal combination is a part of the actual transaction about which the plaintiff seeks equitable relief, and to grant such relief would amount to invoking the aid of the court in furthering such illegal combination, then under the doctrine of "unclean hands" the plaintiff might be deprived of its right to equitable relief. Delaware, L. & W. R. Co. v. Frank et al., 110 F. 689, 696.

I therefore conclude that such portion of the defendants' fourth defense as alleges that the plaintiff is a member of an illegal combination should be stricken from their answer as it is not a matter of defense. Such portion of the fourth defense as charges the plaintiff with "unclean hands" may be retained in the answer. An amended fourth defense should be filed in accordance with this decision. The allowance of the plaintiff's motion to strike the first part of the defendants' fourth defense is not intended as decisive of anything other than its value as a legal defense. It well may be that on the question of "unclean hands", evidence of such a conspiracy or combination in restraint of trade may be admissible to bar the plaintiff's right to the equitable relief sought.

In view of the disposition of the motion to strike the fourth defense, I conclude that the pleadings disclose a case in which equitable relief is sought to protect a trade-mark. As such, there is no right in the defendants to a trial by jury. The plaintiff's motion to strike the case from the jury list is allowed, and the case is ordered transferred to the non-jury list.