## SCHLAADT et al. v. ZIMMERMAN et al.

### No. 13554.

United States Court of Appeals
Ninth Circuit.

Sept. 9, 1953.

Benjamin H. Kizer, J. W. Greenough, Graves, Kizer & Graves, Spokane, Wash., for appellants.

Floyd J. Underwood, Underwood & Campbell, Davenport, Wash., Philip S. Brooke, Hamblen, Gilbert & Brooke, Spokane, Wash., for appellees.

Before MATHEWS, STEPHENS and HEALY, Circuit Judges.

**MATHEWS, Circuit Judge.**

At all pertinent times prior to August 11, 1944, John Henry Kucks, hereafter called Kucks, was a widower residing at Davenport, Washington, and Catharina Schlaadt, hereafter called Catharina, was a widow residing at Portland, Oregon. Catharina was the mother of appellants, Grover C. Schlaadt, a citizen of Oregon, and Garfield Schlaadt, a citizen of California.

In June 1944, when Kucks was 81 years old and Catharina 76 years old, Kucks proposed marriage to Catharina and promised her that, if she would marry him, he would, at his death, leave all his property to appellants. Relying on that promise, Catharina accepted Kucks' proposal. Thus Kucks and Catharina mutually promised to marry, and Kucks, upon consideration of such marriage, promised to leave all his property to appellants.

Kucks and Catharina were accordingly married at Vancouver, Washington, on August 11, 1944. Thereupon, on or about August 11, 1944, Catharina moved from Portland to Davenport. She thereafter resided with Kucks at Davenport and was a dutiful wife to him until her death on January 4, 1946. Kucks resided at Davenport until his death on July 12, 1951.

Kucks executed five wills—one on May 24, 1945, one on February 11, 1946, one on October 22, 1946, one on March 2, 1948, and one on August 27, 1949. By his will of May 24, 1945, he devised and bequeathed all his property to Catharina. By his will of February 11, 1946, he revoked his will of May 24, 1945, bequeathed $500 to Gary Handel and devised and bequeathed the rest of his property to appellants. By his will of October 22, 1946, he revoked his will of February 11, 1946, and devised and bequeathed one-half of his property to appellants and the other half to appellees, Emil Zimmerman, Kate Zimmerman, Fred Jahnke and Emma Jahnke, citizens of Washington. By his will of March 2, 1948, he revoked his will of October 22, 1946, bequeathed some of his property to George Handel and Jerry Handel and devised and bequeathed the rest of it to appellees. By his will of August 27, 1949, he revoked his will of March 2, 1948, devised and bequeathed all his property to appellees and appointed appellee Emil Zimmerman as executor.

On July 17, 1951—five days after Kucks' death—his last will, namely, his will of August 27, 1949, was admitted to probate in the Superior Court of the State of Washington for Lincoln County. Thereafter, prior to December 21, 1951, letters testamentary were issued to appellee Emil Zimmerman, and an inventory of Kucks' estate was taken and filed in the Superior Court. The property listed therein was appraised at $74,552.22.

On December 21, 1951, in the United States District Court for the Eastern District of Washington, appellants brought an action against appellees to enforce specific performance of Kucks' promise to leave his property to appellants. Appellees answered, and a trial was had. The District Court held that Kucks' promise was void and unenforceable. Accordingly, a judgment was entered dismissing the action with prejudice. This appeal is from that judgment.

The holding that Kucks' promise was void and unenforceable was based on the following provision of § 19.36.010 of the Revised Code of Washington:

"In the following cases any agreement, contract, and promise shall be void, unless such agreement, contract, or promise, or some note or memorandum thereof, is in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized: * * *

"(3) Every agreement, promise, or undertaking made upon consideration of marriage, except mutual promises to marry; * * *."

Section 19.36.010 of the Revised Code of Washington is a part of the Washington statute of frauds, hereafter called the statute.

As indicated above, Kucks' promise to leave his property to appellants was made upon consideration of marriage—the marriage of Kucks and Catharina. That promise was not, nor was any note or memoran-

dum thereof, in writing. Hence that promise was within the statute.

 Appellants contend that Kucks' promise was taken out of the statute by performance or part performance thereof. Actually, there was no such performance or part performance.

The marriage of Kucks and Catharina constituted performance of their mutual promises to marry, but it did not constitute performance or part performance of Kucks' promise to leave his property to appellants, nor did it take that promise out of the statute. Koontz v. Koontz, 83 Wash. 180, 145 P. 201; Rogers v. Joughin, 152 Wash. 448, 277 P. 988; 37 C.J.S., Frauds, Statute of, § 249, page 758; 49 Am.Jur., Statute of Frauds, § 520, p. 819.

As indicated above, Kucks' wills of May 24, 1945, February 11, 1946, October 22, 1946, and March 2, 1948, were revoked by him. Hence none of them became effective. Hence their execution did not, nor did the execution of any of them, constitute performance or part performance of Kucks' promise to leave his property to appellants, nor did it take that promise out of the statute. In re Edwall's Estate, 75 Wash. 391, 134 P. 1041; McClanahan v. McClanahan, 77 Wash. 138, 137 P. 479; Cavanaugh v. Cavanaugh, 120 Wash. 487, 207 P. 657; In re Gulstine's Estate, 154 Wash. 675, 282 P. 920; 37 C.J.S., Frauds, Statute of, § 250, page 762.

Upon her marriage to Kucks, Catharina removed her personal belongings, including furniture, dishes and clothing, from her home at Portland to Kucks' home at Davenport. Also, with her own separate funds, she purchased a rug and placed it in Kucks' home. Obviously, however, these acts of Catharina did not constitute performance of Kucks' promise to leave his property to appellants, nor did they take that promise out of the statute. They were no part of the consideration upon which that promise was made. Hence the fact that Catharina did them is immaterial.

Many cases are cited by appellants, but none of them involved a promise made upon consideration of marriage, nor does any of them support the contention that Kucks' promise was taken out of the statute.

 Appellants contend that specific performance of Kucks' promise should be enforced, notwithstanding the statute, because, otherwise, Catharina and appellants will have been defrauded. Thus appellants invoke the rule that a statute of frauds may not be used to perpetrate a fraud, citing Mobley v. Harkins, 14 Wash.2d 276, 128 P.2d 289, 143 A.L.R. 88.

That rule is inapplicable; for, instead of showing fraud, the record merely shows that Kucks' promise was not performed. Therefore, instead of the rule invoked by appellants, we apply the rule that fraud may not be predicated upon the mere nonperformance of a promise. Rankin v. Burnham, 150 Wash. 615, 274 P. 98; Carkonen v. Alberts, 196 Wash. 575, 83 P.2d 899, 135 A.L.R. 209; 37 C.J.S., Fraud, § 116, pages 440–441; 37 C.J.S., Frauds, Statute of, § 217, page 714; 23 Am.Jur., Fraud and Deceit, § 38, pp. 799–800; 49 Am.Jur., Statute of Frauds, § 580, pp. 886–887.

Judgment affirmed.