## UPJOHN CO. v. SCHWARTZ.

United States District Court
S. D. New York.
Oct. 26, 1953.

Kenyon & Kenyon, New York City, for plaintiff.

Arthur D. Herrick, New York City, for defendant.

SUGARMAN, District Judge.

The complaint herein seeks (a) an injunction against defendant restraining 41 alleged practices of trade mark infringement and/or unfair competition; (b) an accounting of profits and damages; (c) costs and (d) other appropriate relief.

The answer pleads denials, defenses and a counterclaim. The defendant timely demanded a jury trial of all issues.

Plaintiff now moves to strike the jury demand and transfer the case to the non-jury calendar. The issues, not the form of the case, determine the method of trial.[1]

The complaint, praying injunctive relief against trade mark infringement and unfair competition, raises essentially equitable issues.

"Injunctions are asked, and, in keeping with equity's object to grant complete relief, an accounting. Claims such as those here set forth are not triable by jury at common law and do not come within the purview of either the Seventh Amendment of the Constitution or Rule 38(a), Fed.Rules Civ.Proc., 28 U.S.C.A." [2]

Defendant's third defense, that plaintiff's fraud and deceit entrapped

---

1. Beaunit Mills, Inc., v. Eday Fabric Sales Corporation, 2 Cir., 124 F.2d 563.

2. Protexol Corp. v. Koppers Co., Inc., D. C., 12 F.R.D. 7, 8.

and enticed defendant into engaging in the practices complained of, and its fourth defense that plaintiff engaged in identical practices and thus "does not come into court with clean hands and is not, in equity, entitled to the relief demanded in the complaint", if assumed to state legal defenses to an equitable action, do not change the character of the proceedings or entitle either party to a jury trial.[3]

■ Defendant's counterclaim charges plaintiff with violation of the anti-trust laws and the answer seeks, on this score, injunctive relief, triple damages and costs and attorney's fee. Such an action may be either legal,[4] equitable [5] or both. If legal, i. e. for damages, the right to a jury trial prevails; if equitable, i. e. for injunctive relief, such right does not exist; if mixed, the question is reserved for the trial judge's discretion.[6]

■ Plaintiff argues that defendant's counterclaim, although seeking triple damages, fails to state a claim therefor by virtue of its silence as to injury to defendant's business or property. This objection is well founded. "Under Title 15, 15 [sic] U.S.C.A. § 15 any person injured in his business or property by reason of anything forbidden in the anti-trust laws may sue and recover three-fold actual damages sustained. Under this section it is obviously the duty of the plaintiff to aver and prove that he has been injured in his business or property and that this injury was caused by acts forbidden by the anti-trust laws." [7] Absent such allegations, as in the counterclaim at bar, the pleading fails to state a legal claim for damages.[8] Hence, no legal claim sufficient to warrant a jury trial is posed and no right thereto exists.

Plaintiff's motion to strike defendant's jury demand and to transfer this cause to the non-jury calendar is granted.

Settle order on notice.

---

3. 50 C.J.S., Juries, § 42.

4. Title 15 U.S.C.A. § 15.

5. Title 15 U.S.C.A. § 26.

6. Ralph Blechman, Inc., v. I. B. Kleinert Rubber Co., D.C., 98 F.Supp. 1005.

7. Kainz v. Anheuser-Busch, Inc., 7 Cir., 194 F.2d 737, 739.

8. Beegle v. Thomson, 7 Cir., 138 F.2d 875.