*Southern District*

No. 7603

## GEORGE MADEIROS
### v.
## JANUARIA ROGERS

(June 23, 1955)

*Cox, J.* This is an action of contract to recover for damage alleged to have been suffered by the plaintiff because of his reliance upon the promise of the defendant that the plaintiff would be permitted

to continue to occupy the store he was renting from her for as long as he might desire. The answer is a general denial. The Statute of Frauds was pleaded.

There was a finding for the defendant. (*Taveira, J.*) The plaintiff claims to be aggrieved by the exclusion of certain evidence relating to damages and by the rulings of the judge.

*There was evidence tending to show that* the plaintiff, a grocer, had been, since 1949, a tenant at will of his godmother's store at 108 County Street and 89 Delano Street in New Bedford. He had, on several occasions, requested a lease which the defendant refused. In April, 1953, the plaintiff made known to the defendant his wish to renovate the store and install electrical equipment, necessitating additional wiring, but being unwilling to incur the expense without a lease, asked the defendant to give him one. The defendant declined, stating that she did not give leases, that he did not need a lease, and that he could occupy the store premises for as long as he wished. Relying on the defendant's assurance, he purchased and installed, the latter part of May, 1953, the electrical equipment and expended money for the electrical wiring and painting.

In June, 1953, the defendant notified the plaintiff that she had leased the premises to one Albert D'Alessio. D'Alessio took possession under his lease on July 1, 1953. He increased the plaintiff's rent from $20.00 to $26.50 weekly and, at the same time, decreased the space formerly occupied by the plaintiff. D'Alessio then required of the plaintiff a lease which, by its terms, would have prevented the plaintiff from selling all products usually sold in a drug store, as well as other articles. The plaintiff refused to execute the lease and removed from the premises on February 8, 1954. Before he removed, the plaintiff notified the defendant of his claim. There was evidence bearing on the cost of removal and the loss of business and profits at the new location. The judge excluded evidence of the expenditures for fitting out the new

store, as to which, the plaintiff made an offer of proof.

The judge denied the plaintiff's single request for a ruling that *"The evidence is sufficient as a matter of law to warrant a finding for the plaintiff."*

The defendant requested rulings as follows:

1. A representation, in order that, if material and false, it may form the ground of an action where one has been induced to act by reason thereof, shall be one of some existing fact.

2. A statement promissory in its character that one will thereafter sell goods at a particular price or time, will pay money, or do any similar thing, or any assurance as to what shall thereafter be done, or as to any further event, is not properly a representation, but a contract, for the violation of which a remedy is to be sought by action thereon.

3. A tenancy at will may be terminated by a lease by the landlord.

4. An agreement concerning an interest in real estate must be in writing in order to be actionable in accordance with the provisions of the statute of fraud.

The judge allowed numbers 1, 2 and 3. He allowed number 4 as a correct statement of law, but inapplicable because of his findings.

The judge made detailed findings which coincide with the foregoing narrative of the evidence. He held that the plaintiff was a tenant at will both before and after the defendant told him he might remain as long as he wished, which tenancy could be terminated at the will of either party. He found that the improvements made by the plaintiff at the store consisted principally of new equipment which remained his personal property and that the wiring and painting was of no value to the defendant, but of direct benefit to the plaintiff from May, 1953, when he made the improvements, until February 8, 1954, when he removed from the premises.

The judge was right. The legal status of the plaintiff with reference to the store, both before and after the conversation during which the defendant told him he could remain for as long as he wished, was that of a tenant at will. It is provided in G. L. c.

183, §3, "An estate or interest in land created without an instrument in writing signed by the grantor or by his attorney shall have the force and effect of an estate at will only ... ." The statute makes it clear that the plaintiff was a tenant at will.

The conversation cannot be construed as an agreement to give a lease because the defendant was explicit in her refusal to give a lease to the plaintiff. The plaintiff being a tenant at will, his tenancy was terminated by operation of law when the defendant leased the premises to D'Alessio as of July 1, 1953, see *Michael Chevrolet, Inc. v. Institution for Savings*, 321 Mass. 215, 219, and cases there cited, although he continued on as a tenant at will of D'Alessio until February 8, 1954.

The plaintiff was in a position to terminate his tenancy and to vacate the premises at any time upon giving the statutory notice required by G. L., c. 186, §12, as amended by St. 1946, c. 202. He had not bound himself "in any way to anything" and therefore gave no consideration to support the agreement he alleges as a basis for his claim, this being an action of contract. The arrangement might also be described as being an effort to create a term where none was intended, and in any event, as being too indefinite for enforcement. These matters are all considered in *Michael Chevrolet, Inc. v. Institution for Savings*, 321 Mass. 215, and cases there collected.

In our judgment, the defendant was within her rights in terminating the plaintiff's tenancy by leasing to D'Alessio. Accordingly, the plaintiff's request could not have been allowed.

The plaintiff was not harmed by the allowance of the defendant's requests numbered 1 and 2, even though they may have become inconsequential in the light of what has been said. They appear to be based on *Dawe v. Morris*, 149 Mass. 188, which was an action for deceit and as correct statements of law in such an action, make it evident that no basis exists for suggesting that this action be amended to

one of tort. Request number 3 contained a correct and applicable statement of the law and was properly allowed. *Michael Chevrolet, Inc. v. Institution for Savings*, 321 Mass. 215, 219. Request number 4 is inconsequential. We need not consider the plaintiff's rejected offer of proof as it related to damages.

*An order is to be entered dismissing the report.*
S. Rosenberg, for the plaintiff.
J. Fox, for the defendant.