**C. CORKIN & SONS, Inc.,**

v.

**TIDE WATER ASSOCIATED OIL COMPANY.**

**Civ. A. No. 55-461.**

United States District Court
D. Massachusetts.

April 4, 1957.

 

Karp, Gardner, Karp & Walsh, Boston, Mass., for plaintiff.

Edward J. Duggan, Lyne, Woodworth & Evarts, J. H. Doermann, Boston, Mass., for defendant.

FORD, District Judge.

■ This is an action for damages for breach of an alleged contract under which defendant was to lease a certain parcel of land from plaintiff if plaintiff would purchase the land. Defendant's motion to dismiss the original complaint which alleged merely an oral contract was allowed on June 19, 1956, unless plaintiff amended to allege the existence of a sufficient written memorandum of the oral contract. Plaintiff amended to set forth the existence of such a memorandum. By failure to deny defendant's requests for admissions of fact under Rule 36, F.R.Civ.P., 28 U.S.C.A., plaintiff admits that the written memorandum it relies upon is a letter of September 3, 1954, addressed to plaintiff and signed by M. G. Langelier as Massachusetts Area Supervisor for defendant. It reads: "As per our discussion of August 31st I am sending today under separate cover a set of our Type 'C' specifications which call for construction of a two bay modern service station.

"It will be appreciate [sic] if you will secure construction costs and advise me when same are available so that we can then get together to arrive at a mutually agreeable rental agreement."

■ Clearly this letter is not a sufficient memorandum of the alleged contract. Plaintiff in its more definite statement says that the date of the contract sued upon was on or about October 8, 1954, more than a month after the date of the letter. Moreover, the letter on its face shows that no rental agreement had been made but was to be arrived at in the future. Hence there is no written memorandum of the alleged contract sufficient to satisfy the Statute of Frauds, Mass. G.L.(Ter.Ed.) Ch. 259, § 1, and

404

defendant's motion for summary judgment as to the first two counts must be allowed.

■ Plaintiff moves for leave to amend to add a third count for deceit based upon the same transaction, alleging that defendant represented that if plaintiff bought a certain parcel of land defendant would lease it from plaintiff for ten years at a rental of $4,200 per year, that plaintiff in reliance thereon bought the land, and that the representations of defendant were false in that at the time the representations were made defendant intended not to lease said property from plaintiff.

Defendant opposes allowance of the amendment on the ground that it does not state a cause of action since a statement merely promissory in nature is not a representation which will support an action of deceit. Dawe v. Morris, 149 Mass. 188, 21 N.E. 313, 4 L.R.A. 158. However, plaintiff alleges not merely defendant's failure to keep its promise, but a representation that defendant intended to lease the land when in fact at the time defendant did not so intend. Such a false representation of intention is an actionable tort, even though the statute of frauds may be a defense to an action for breach of contract for failure to carry out the promise made. Fanger v. Leeder, 327 Mass. 501, 505, 99 N.E.2d 533; Schleifer v. Worcester North Savings Institution, 306 Mass. 226, 229, 230, 27 N.E.2d 992.

■ Defendant further contends that the claim set forth in the proposed amendment, since it sets forth a tort which occurred no later than October 8, 1954, is barred by the Massachusetts two-year Statute of Limitations, Mass. G.L.(Ter.Ed.) Ch. 260, § 2A, as added by St.1948, c. 274. It is argued that the provisions of Rule 15(c), F.R.C.P. for the relation back of amendments are inapplicable since the amendment sets forth a cause of action in tort for deceit while the original complaint was for breach of contract. Rule 15(c) provides:

"(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

The claim set forth in the proposed amendment clearly arises from the same transaction as the contract counts of the original pleading. Rule 15(c) is therefore applicable even though plaintiff may now seek recovery on a different legal theory from that under which it originally proceeded. 3 Moore's Federal Practice § 15.15, pages 850–856.

Defendant's motion for summary judgment on Counts I and II is allowed. Plaintiff's motion to amend by adding Count III is allowed.