906

**E. Russell GREENHOOD, individually and as Trustee,**

v.

**ORR & SEMBOWER, Inc. and Frederick H. Klein.**

**Civ. A. No. 57–1157.**

United States District Court
D. Massachusetts.

Jan. 28, 1958.

C. Carroll Cunningham, Boston, Mass., E. Russell Greenhood, pro se, for plaintiff.

Matthew Brown, Boston, Mass., for defendants.

FRANCIS J. W. FORD, District Judge.

Plaintiff alleges that he is the inventor of a lumber drying machine, called a Drylator, on which he has applied for a patent. He further sets forth a certain license agreement between himself, Lumber Drylators, Inc. (a corporation previously exclusively licensed to manufacture and distribute Drylators) and defendant corporation whereby the latter was exclusively licensed to manufacture and distribute Drylators. In the present complaint plaintiff alleges that the defendant Klein, individually and as agent of the corporate defendant, induced plaintiff to enter into this agreement by fraudulent representations, and asks to have the agreement declared null and void. Alternatively, if the court holds the agreement valid, he asks damages for the alleged negligence of defendants in the exercise of the license agreement.

There is another action, Civil Action No. 57–861–F, pending in this court by this plaintiff and Lumber Drylators, Inc. solely against the corporate defendant and based on this same transaction. In that action plaintiff asks for a declaratory judgment interpreting certain provisions of the same licensing agreement and defining the rights and duties of the parties thereunder.

Defendant Klein moves to dismiss the complaint for lack of jurisdiction. Both defendants move to dismiss the complaint for failure to state a claim on which relief can be granted and also because it is duplicitous because of the existence of the earlier action No. 57–861–F. Alternatively, they ask that certain paragraphs of the complaint be stricken. Defendants further move to strike plaintiff's claim for a jury trial.

Defendant Klein's motion to dismiss is based on his allegation that he is a resident of Pennsylvania not subject to service of process in Massachusetts and hence not subject to the jurisdiction of this court. Plaintiff does not contest this claim and it is admitted no service of process has been made on Klein. However, plaintiff contends that Klein by joining with the corporate defendants in a motion to dismiss on grounds going to the merits of the complaint has waived any objection to lack of jurisdiction and has thus voluntarily submitted himself to the jurisdiction of this court. This contention must be rejected. Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A. specifically provides that: "No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." A defendant no longer needs to protect his rights by appearing specially solely to object to the jurisdiction of the court but may properly join the defense of lack of jurisdiction with other defenses without thereby waiving his rights. Orange Theatre Corp. v. Rayherstz Amusement Corp., 3 Cir., 139 F.2d 871, 874; W. H.

Elliott & Sons Co., Inc., v. E. & F. King & Co., Inc., D.C., 144 F.Supp. 401; 2 Moore's Federal Practice, ¶ 12.12 pp. 2260–2264. The motion of defendant Klein to dismiss will be allowed.

■ Defendants further contend that the complaint fails to state a claim on which relief can be granted. Plaintiff however has alleged that defendants made certain representations as to their intentions, that these representations were false, that they were made for the purpose of inducing plaintiff to act thereon, that plaintiff did act thereon, and that plaintiff suffered loss as a result thereof. Defendants' only objection to the sufficiency of this as a statement of a claim based on misrepresentation is that the only misrepresentation alleged is of defendants' intentions. However, the complaint can fairly be read as alleging (as plaintiff now contends in his argument) not merely a failure to keep a promise, but misrepresentations by defendants of a state of mind, in that defendants represented that they intended to do certain things which they then and there actually did not intend to do. C. Corkin & Sons, Inc., v. Tide Water Associated Oil Company, D.C., 20 F.R.D. 402; Fanger v. Leeder, 327 Mass. 501, 99 N.E.2d 533. The complaint states at least this claim upon which relief may be granted.

■ Defendants' contention that this claim is barred by the parole evidence rule cannot be accepted. Plaintiff here is not trying to vary the terms of the contract so as to include in these terms promises allegedly made during the negotiations leading up to the contract, but rather is relying on alleged misrepresentations of intentions as a basis for setting aside the contract. Porter v. Reid, D.C., 79 F.Supp. 898, 905; New England Foundation Company, Inc., v. Elliott & Watrous, Inc., 306 Mass. 177, 181, 27 N.E.2d 756.

Plaintiff also contends that the complaint states a claim for negligent injury to property placed in custody of the defendant. However, paragraph 15 of the complaint, relied on as setting forth this claim in part, alleges only that plaintiff procured the transfer of property by Lumber Dryalators, Inc. to defendant Orr & Sembower Inc. Presumably this was property of Lumber Dryalators, Inc. At least it is not alleged that plaintiff himself transferred any of his own property to defendant. The claim set forth for damage to property, on the basis of the facts stated in the complaint, would appear to be a claim of Lumber Dryalators, Inc. which is not a party to this suit, and not of the plaintiff.

■ The fact that plaintiff has brought another action based on this same transaction is no ground for dismissal. Under the circumstances no substantial burden will be imposed upon defendant in defending two actions, since they can and in fact should be tried together. Defendant will be no worse off than if plaintiff, as defendant concedes he might properly do, should amend his complaint in the earlier action to include the allegations and prayers of the present complaint.

■ Defendants also move to strike several paragraphs of the complaint. Paragraphs 10, 11, 12, 13, 18, 19, 20 and 21 do not conform to the requirement of Rule 8, Federal Rules of Civil Procedure, that there should be "a short and plain statement of the claim." They are lengthy statements which include evidentiary details and conclusions and opinions of the pleader, and should be stricken. The motion must be denied, however, as to paragraphs 14 and 15. Rule 9(b), Federal Rules of Civil Procedure, requires that circumstances constituting fraud shall be stated with particularity. Paragraph 14, setting out the specific representations alleged to have been made by defendants, and paragraph 15, alleging plaintiff's belief in these representations and his actions taken in reliance thereon, are properly included in the complaint.

■ Defendants move to strike plaintiff's demand for trial by jury. The primary relief requested here is a declaration that the franchise granted to defendants is null and void. The action is

thus in effect one for cancellation or rescission of a contract, a proceeding which is traditionally equitable in nature and in which plaintiff is not entitled to a jury trial, 5 Moore's Federal Practice ¶ 38.23 p. 183. This is true even though the complaint may join a claim for damages arising from the alleged misrepresentations as to which, if brought separately from the claim for equitable relief, plaintiff might be entitled to a jury trial. Chappell & Co., Inc., v. Palermo Cafe Co., Inc., 1 Cir., 249 F.2d 77.

The motion of defendant Klein to dismiss is allowed. The motion of defendant Orr & Sembower Inc. to dismiss is denied. The motion to strike from the complaint is allowed as to paragraphs 10, 11, 12, 13, 18, 19, 20 and 21, and denied as to paragraph 14 and 15. The motion to strike plaintiff's demand for jury trial is allowed.