H. A. McCULLOUGH and H. F. McCullough, a partnership, doing business as McCullough's Dairy Queen
and
Burton F. Myers, Robert J. Rydeen, M. E. Montgomery and Lorraine Dale, Executrix of the Estate of Howard S. Dale, deceased, individuals,

v.

DAIRY QUEEN, INC.

Civ. A. No. 28876.

United States District Court
E. D. Pennsylvania.

June 1, 1961.

Krusen, Evans & Byrne, by Mark D. Alspach, Philadelphia, Pa., for plaintiffs.

Michael H. Egnal, Philadelphia, Pa., for defendant.

WOOD, District Judge.

On December 28, 1960, we granted the plaintiffs' motion for a preliminary injunction and filed findings of fact and conclusions of law in support of our order. The factual background of this case is sufficiently set forth in the afore-

said memorandum. Subsequently, the defendant filed its answer to the plaintiffs' complaint and demanded a jury trial. The defendant did not specify the issues on which it demanded a jury trial, and it is consequently up to the Court to determine whether any of the issues in this case as presented by the pleadings to date are of a "legal nature."

■■ Rule 38 of the Federal Rules of Civil Procedure, 28 U.S.C. provides in pertinent part as follows:

"Jury Trial of Right.

"(a) Right Preserved. The right of trial by jury as declared by the Seventh Amendment to the Constitution * * * shall be preserved to the parties inviolate."

It is settled law that although the Federal Rules of Civil Procedure provide for "one form of action"—a civil action—, the traditional distinction between legal and equitable actions must be referred to in order to determine a party's right to a jury trial. Although we agree with the defendant that the form of relief sought by the plaintiffs is not necessarily determinative of the question of the defendant's right to a jury trial, nevertheless the form of relief sought in the complaint is an important factor to be considered in characterizing the issues in the case as either equitable or legal. See Moore's Federal Practice, Vol. 5, p. 158 et seq. For example, if a complaint sought damages for breach of a contract, the issues in the case would clearly be legal and the plaintiff or defendant would be entitled to a jury trial of those issues. However, if the complaint sought specific performance of the same contract, the issues raised would be equitable in nature and neither the plaintiff nor the defendant would be entitled to a jury trial.

In the case at bar the complaint alleges that the defendant entered into a contract with the plaintiffs in 1949 whereby the plaintiffs licensed the defendant to use the plaintiffs' registered trademark "Dairy Queen" and permitted the defendant to sub-license others to use the trade name. In 1954, it is alleged that the defendant breached the contract by failing to pay to the plaintiffs the minimum yearly sum required thereunder. According to a provision of the contract, the defendant's right to use the plaintiffs' trademark ceased at the time of the defendant's breach. Accordingly, it is alleged that since 1954 the defendant has been infringing the plaintiffs' trademark and has been collecting money in violation of the plaintiffs' rights and will continue to do so unless enjoined by this Court. The complaint seeks, in effect, a declaration that the licensing contract is null and void; an accounting of profits illegally obtained by the defendant since 1954 to date; and a permanent injunction restraining the defendant from any use of the plaintiffs' trademark "Dairy Queen", and from executing any more sub-license agreements authorizing third-persons to use that trademark. Incidental to this relief, the complaint also demands the $60,000 now allegedly due and owing plaintiffs under the aforesaid contract.

The defendant admits the existence and provisions of the contract, but alleges that prior to the alleged breach, the parties entered into an oral agreement which amounted to a novation (Restatement of the Law of Contracts, § 424); that according to the terms of the novation, the defendant is not in breach of the original contract; and that consequently the defendant is not infringing and has not infringed the plaintiffs' trademark. In addition, the defendant alleges that the plaintiffs, because of violations of the antitrust laws, have come into Court with unclean hands and, hence, are not entitled to equitable relief.

■ As we analyze the issues raised by the complaint and the answer, the nature of the plaintiffs' case is purely equitable.[1] Whether the plaintiffs' claim

---

1. See Moore's Federal Practice, Vol. 5, p. 207, where the author states: "The common law of trademarks is but a part of the broader law of unfair competition. * * * if he so elected, plaintiff could seek injunctive relief, with damages

be viewed as a claim for relief for infringement of a trademark;[2] or a prayer to set aside the licensing agreement and restore to the plaintiffs their exclusive right to the use of the trademark "Dairy Queen" in Pennsylvania,[3] or a claim to injunctive relief coupled with an incidental claim for damages,[4] all issues raised thereby are for the Court's determination.

 The remaining question is whether the defendant's answer poses a legal issue on which the defendant is entitled to trial by jury. There is no doubt that a defendant is entitled to a jury trial of an issue legal in nature raised by the answer, even in a case in which the complaint raises only equitable issues. However, in the case at bar, we think that the defendant's answer raises only equitable issues. Upjohn Co. v. Schwartz, D.C.S.D.N.Y.1953, 117 F. Supp. 292; and Folmer Graflex Corp. v. Graphic Photo Service et al., D.C.Mass. 1941, 41 F.Supp. 319. Therefore, we think neither party has the right to a jury trial of any of the issues raised by the pleadings in this case. However, we reserve judgment on the advisability of the submission to a jury of the question of the amount of damages, if any, due plaintiffs. At the final hearing on the merits, according to the development of the evidence, we may submit that question to a jury.

For the foregoing reasons, we enter the following Order:

### Order

And now, to wit, this 1st day of June, 1961, it is ordered that the plaintiffs'

as incidental thereto, and all the issues are equitable in nature, i. e., for the court."

2. See Crane Co. v. Crane et al., D.C. N.D.Ga.1957, 157 F.Supp. 293, where the court held that a complaint alleging that defendants had infringed plaintiff's trademark and plaintiff asked for injunction, accounting, attorneys' fees, costs, and such other relief as the court might deem just, the complaint was one for equitable relief and the issue of damages was incidental, and defendants were not entitled to a jury trial.

motion to strike the defendant's demand for a trial by jury is hereby granted. This action is to be heard on the merits by the Court sitting without a jury on June 27, 1961, at 10 a. m.

3. See Greenhood v. Orr & Sembower, Inc., D.C.Mass.1958, 158 F.Supp. 906, where the court held that the relief requested by plaintiff was a declaration that a franchise granted to the defendants for use of a machine was null and void and that such action was, in effect, one for cancellation of a contract, a proceeding which is traditionally equitable in nature and plaintiff was not entitled to a jury trial.

4. See Greenhood v. Orr & Sembower, Inc., footnote 3, and Crane Co. v. Crane, footnote 2, supra.